## SARAH G. NEWTON *vs.* LOVELL BAKER & another.

Worcester.   Jan. 2. — July 17, 1878.   AMES & LORD, JJ., absent.

A bill in equity to redeem a mortgage alleged that the mortgage and the note secured by it were given without consideration for the accommodation of the mortgagee, by whose false and fraudulent representations they were obtained; and that an assignee of the note and mortgage took them after the maturity of the note in trust for the mortgagee, and under such circumstances as to be affected with all the equities between the original parties. At the hearing before a master, the mortgagor testified that the mortgage was given, not to represent any debt, but only to help the mortgagee to raise money by depositing it as collateral security, while the mortgagee testified that the mortgage was not given him to raise money, but represented the debt due him, which was then settled between them. There was also evidence that, at the time of the assignment, the mortgagor consented that the assignee, who took the note, which was payable on demand, unindorsed, by an assignment without recourse, six months after date, might hold the mortgage instead of the mortgagee. The master found that, although the note was made at the request of the mortgagee and for his accommodation, upon his representation that he could obtain money upon it by depositing it as collateral security, yet that the real purpose of the mortgagee in taking it was to obtain security for the debt already due him ; that the mortgagor did not know the amount then due from him, and no settlement was made between them, and the note was not given for any ascertained debt; that the actual debt was much less than the mortgage note at its date ; and reported the amount due with all the evidence. A decree was entered in accordance with the master's report. *Held,* on appeal therefrom, that the decree must be affirmed.

COLT, J. This is a bill, filed September 13, 1875, to redeem a mortgage given by Ebenezer Newton to Lovell Baker to secure a note payable on demand to the order of Baker, with interest at the rate of ten per cent., both dated in April, 1874, and both assigned to Milton Baker in October following. The plaintiff derives her title to the equity of redemption from Ebenezer Newton. It is alleged that the note and mortgage were given without consideration for the accommodation of Lovell; that they were obtained by the false and fraudulent representations of Lovell; that, if anything was ever due thereon, it has been paid; and that Milton took them, after the maturity of the note, in trust for Lovell, and under such circumstances as to be affected with all the equities between the original parties. The prayer is that the mortgage be discharged, and that the plaintiff may be permitted to redeem if anything is found due thereon.

The case was sent to a master to state the accounts between the parties growing out of the consideration and alleged payment of the mortgage, reserving to the plaintiff the right to apply to the court to have issues framed to the jury to try any other questions of fact arising. The master, in his report, finds that the actual debt of Ebenezer Newton, secured by the mortgage, was on April 1, 1875, much less than the face of the mortgage note, and that the amount so ascertained is due with interest at the rate of ten per cent. per annum from that date. This result was obtained by the master upon a full investigation of the pecuniary relations of the parties to the mortgage, both before and after it was given.

Many exceptions were taken by the defendants to the findings of the master in matters of fact. At the request of the defendants, all the evidence taken by the master was reported, and both parties have treated this evidence as properly before the court, although the master was required, by the terms of his appointment, only to state the account between them. At the hearing before the single judge for final decree, the findings of the master appear to have been approved, and a decree for the plaintiff was ordered in accordance with his report. From this decree the defendants appeal; and the case has been treated as if all the evidence and the exceptions to the master's findings were before us upon a report of the judge.

The defendants now contend that the evidence shows that the mortgage note was given by Newton to Lovell Baker, as an accommodation note, to be used by the latter in obtaining money for his own use, and not in payment of or as collateral security for the debt actually due him, and that the assignment of this note and mortgage to Milton Baker, although some six months after it was dated, was the original negotiation of the note, and furnished the consideration which alone is sufficient to support the claim of Milton to hold it for the full amount. If this be so, the amount of the debt to Lovell at the date of the note, and the question whether that debt is wholly or partly paid, would be wholly immaterial.

But the report of the master conflicts with the defendants' position. He finds that, although the note was made at the request of Lovell and for his accommodation, upon his representation that he could obtain money by depositing it as collateral security, yet that the real purpose of the latter in taking it was to obtain security for the debt already due him; that Newton did not know the amount then due from him, and no settlement was made between them, and the note was not given for any ascertained debt. Upon this finding, the master proceeds to ascertain the debt actually due on April 1, 1875, and reports the sum then due with interest at the rate of ten per cent. per annum as the amount secured by the mortgage. The report necessarily implies a finding by the master that, as between Newton and Lovell Baker, the latter had a right to hold the mortgage only as security for the actual debt due him; and that Milton Baker, who took the note payable on demand, without indorsement, by an assignment of the same without recourse, six months after its date, succeeded only to the title of Lovell Baker. It is plain that the master did not find that this was an accommodation note in the sense in which that phrase is used in the law of bills and notes. It is true the evidence on these points is somewhat conflicting; according to Newton's testimony, the mortgage was given, not to represent any debt, but only to help Lovell to raise money by depositing it as collateral security; while Lovell himself testifies that the mortgage was not given to help him to raise money, but represented the debt due him, which was then settled between them. The finding of the master, that it was given as

security for the actual debt, does not appear to be clearly erroneous, and cannot be overruled on the evidence reported. The question depends largely on the appearance of the witnesses before the master. *Dean* v. *Emerson,* 102 Mass. 480. *Gerrish v. Black,* 104 Mass. 400.

The position now taken by the defendants is moreover inconsistent with the position taken by them at the hearing before the master, which was, that the note was given to secure an actual debt found due and agreed on between the parties.

Upon this state of facts, there was nothing in the interview between Newton and Lovell and Milton Baker, at the time the note and mortgage were assigned to the latter, which could operate by way of estoppel or otherwise, to deprive the plaintiff of the right to redeem the mortgaged estate, upon payment of the amount actually due as found by the master. The declarations of Newton amounted, at most, only to an assent on his part that Milton might hold the mortgage instead of Lovell. There was no representation that the full amount was due, or that any amount was due; and there is no suggestion that any fraud was designed by Newton upon any one.

Upon the whole, we see no error in law or fact in the decree of the single judge. When a case is heard by this court on appeal, upon a report of the evidence, his decree will not be reversed on a question of fact, unless it clearly appears to be erroneous. *Reed* v. *Reed,* 114 Mass. 372. *Montgomery* v. *Pickering,* 116 Mass. 227. *Decree affirmed.*

*G. F. Hoar & G. F. Verry,* for the defendants.
*F. P. Goulding,* for the plaintiff.