FRANCIS W. WHITNEY *vs.* LEOMINSTER SAVINGS BANK & another.

Worcester. Oct. 1, 1885. — Feb. 1, 1886. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A. and B. made a promissory note, payable to a savings bank on demand, and signed by C. as surety. Afterwards A. and B., for the purpose of securing the note and saving C. harmless, gave to the bank a mortgage, containing a power of sale, of all their interest in a copartnership with a third person. Subsequently the bank went through the form of a sale of the mortgaged property, and it was bid in by a national bank, through the agency of D., who was the treasurer of the savings bank and cashier and director of the national bank, and who conducted the sale for both banks. C. brought a bill in equity against the two banks, alleging that the sale was a pretended one, made under an arrangement between the two banks and A. and B., whereby the property was to be transferred to the national bank, to be held for the benefit of A. and B. to be applied to the payment of their debts, or upon some other secret trust for the benefit of A. and B.; that it was ineffectual to foreclose the mortgage, and was fraudulent as to C.; that the national bank received the property impressed with a trust in favor of C.; and that the two banks were bound to apply the proceeds realized from the property to the payment of the note. The answers alleged that the sale was *bona fide*, and effectual to foreclose the mortgage. The master to whom the case was referred found, upon conflicting evidence, that it was agreed

between the two banks and A. and B. that, if the national bank should bid off the property at the sale, it should hold the same in trust to pay over the net proceeds realized therefrom to the savings bank, to be applied towards the payment of the note. *Held,* that the finding of the master was upon the issues raised by the pleadings ; that, upon such finding, the bill could be maintained; that the defence that the arrangement of the banks was *ultra vires* could not prevail; and that C. was entitled to have the value of the mortgaged property applied to the payment of the note.

The findings of a master in chancery upon questions of fact are not to be set aside without clear proof of error or mistake on his part.

BILL IN EQUITY, filed May 31, 1881, against the Leominster Savings Bank and the First National Bank of Leominster, by a surety on a promissory note delivered to the first-named defendant, for an account of the proceeds of personal property mortgaged to said defendant by the makers of the note as security for the same, and alleged to have been wrongfully disposed of to the last-named defendant ; and for the cancellation of the note.

The case was heard by *W. Allen*, J., on the pleadings, the report of a master, and exceptions thereto, and was reserved for the consideration of the full court. The facts appear in the opinion.

*F. P. Goulding*, for the plaintiff.

*H. Mayo*, for the defendants.

MORTON, C. J.    On April 12, 1875, Martin W. Stratton and Joel A. Stratton made a promissory note for $5000, payable to the Leominster Savings Bank, on demand, with interest, and the plaintiff and two other persons, one of whom is dead and the other a bankrupt, signed this note as sureties.    On January 30, 1877, Martin W. Stratton and Joel A. Stratton, for the purpose of securing this note and saving the sureties harmless, gave to the savings bank a mortgage of all their interest in two copartnerships ; one the firm of Stratton Brothers and Hill, and the other the firm of Stratton Brothers and Niles.    This mortgage contained a power of sale, and on April 21, 1877, the savings bank went through the form of a sale of the mortgaged property, and it was bid in by the First National Bank of Leominster, the other defendant, through the agency of one Burditt, who was treasurer of the savings bank, and also the cashier and a director of the national bank, and who managed and conducted the sale for both banks.    The bill alleges that this was a pretended sale, made under an arrangement between the two banks and the said Strattons, whereby the property was to be transferred to the

national bank, to be held for the benefit of the said Strattons, to be applied to the payment of their debts, or upon some other secret trust for the benefit of said Strattons ; that it was ineffectual to foreclose the mortgage, and was fraudulent as to the plaintiff ; that the national bank received the property impressed with a trust in favor of the plaintiff; and that the two banks were bound to apply the proceeds realized from the property to the payment of the said note of $5000.

The master to whom the case was referred has, among other things, found that " it was understood and agreed by and between said savings bank and First National Bank and the mortgagors, that, if the First National Bank should bid off said property at said foreclosure sale, it should hold the same in trust to pay over the net proceeds realized therefrom to said savings bank, to be applied towards the payment of said mortgage note, whereon the plaintiff, F. W. Whitney, and Albert Stratton, father of said promisors on said note, were sureties."

The defendants contend that this finding is not justifiable, because it is not within any of the issues raised by the pleadings. The principal averments of the bill are, that the sale was pretended and colorable, and made under some arrangement that the proceeds of the property were to be applied to pay the indebtedness of the said Strattons, or upon some secret trust for them, and under such circumstances that the mortgage was not foreclosed, but the defendants were bound to apply the proceeds of the property to the payment of the note on which the plaintiff is surety.   The answers allege that the sale was *bona fide*, and effectual to foreclose the mortgage.   The gist of the plaintiff's case is, that the sale was made invalid by some secret arrangement made without his knowledge by the mortgagor and the defendants, so that the purchaser held the property upon a trust in his favor, and was bound to apply the proceeds to exonerate him from his liability upon the note.   The arrangement proved is within the allegations of his bill, and entitles him to maintain it, if it is supported by the evidence.   But the defendants further contend, that this finding of the master is not justified by the evidence.

The report of a master upon questions of fact referred to him is entitled to every reasonable presumption in its favor, and his

findings of facts are not to be set aside without clear proof of error or mistake on his part. Especially is this true where there is a conflict of testimony, and the decision depends upon the appearance of the witnesses before the master. *Dean* v. *Emerson*, 102 Mass. 480. *Newton* v. *Baker*, 125 Mass. 30. In the case at bar, the testimony was conflicting. The testimony of Joel A. Stratton tends strongly to show that the sale was to be a mere form, and that the defendants were to hold the property for the benefit of his creditors, particularly of his father, who was a co-surety with the plaintiff. The testimony of the plaintiff, as to admissions and declarations made by the agents of the defendants after the sale, confirms this view. Although they were contradicted by Burditt, we cannot say that the master was not justified in believing them, and thus reaching the conclusion stated in his report.

Assuming, therefore, that such an arrangement was made, its effect was to render the sale under the mortgage inoperative as a foreclosure of the plaintiff's claim to the property. It removed every motive on the part of the mortgagor to protect his property, to state its value, and to induce purchasers to buy, and was inconsistent with a fair, open, and public sale, such as the law requires in the execution of a power of sale in a mortgage. The plaintiff, who had no knowledge of it, has the right to treat the sale as inoperative to defeat his rights, to insist upon a trust in his favor, and to call upon the defendants to account to him for the proceeds of the property.

The argument of the defendants' counsel, that they are not liable, because, if such an arrangement was made by the two banks, it was without consideration and was *ultra vires*, cannot prevail. As they have taken and disposed of property on which, in equity and good conscience, the plaintiff has a lien, they cannot defeat his claim and apply the proceeds to their own use, upon the ground that their act was illegal and *ultra vires*.

The views we have taken render it unnecessary to consider the exceptions to certain alternative findings of the master of other facts showing that the sale was not conducted fairly, and with due regard to the rights of the plaintiff.

The remaining exception is that to the finding of the master that the defendants realized from the mortgaged property the

sum of $3172.19. He finds that the bank realized from the management and disposal of the property of the Stratton Brothers in the firm of Stratton Brothers and Hill, $1472.23, and of the property of the firm of Stratton Brothers and Niles $1700, as the net proceeds above all expenses, and after deducting $300, the amount paid at the mortgage sale and indorsed on the $5000 note. The gross sum of $3172.19 was intended to be the aggregate of these two sums, there being plainly an error of a few cents in the addition. The testimony of Burditt tends to show that these amounts found by the master are the sums which the bank finally realized as net proceeds out of the interest of the said Strattons in the two firms respectively. The defendants took the mortgaged property charged with the trust to apply the proceeds in the first instance to the extinguishment of the note indorsed by the plaintiff. The plaintiff was entitled to have applied to this note the net proceeds of the property, after deducting the reasonable expenses of the defendants, in its care and management, necessary to realize its value.

What was the amount of the net proceeds realized is a question of fact for the determination of the master. We are unable to see that his finding upon this question was not supported by the evidence before him. We are of opinion, therefore, that the plaintiff is entitled to a decree according to the report of the master.                                        *Decree accordingly.*