SLATER WOOLLEN COMPANY *vs.* RUFUS LAMB.

Worcester.   Nov. 22, 1886. — Jan. 10, 1887.   W. ALLEN & HOLMES, JJ., absent.

A corporation, which is incorporated " for the purpose of manufacturing fabrics of wool and worsted or of a mixture thereof with other textile materials," may maintain an action for groceries, dry goods, and other similar articles, sold and delivered by and in the name of a person who is keeping a store as the undisclosed agent of the corporation, to a person not in the employ of the corporation, who retains and uses the goods, even if the contracts of sale are not within the powers conferred upon the. corporation by its charter.

CONTRACT, upon an account annexed, for goods sold and delivered. At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which were disallowed by the presiding judge. The defendant filed a petition in this court to prove his exceptions. The case was referred to a commissioner, who made his report; and the case was argued on the question whether the exceptions alleged were true, and also on the question whether, if they were true, they should be sustained. The facts material to the point decided appear in the opinion.

*W. A. Gile*, for the defendant.

*W. S. B. Hopkins*, for the plaintiff.

FIELD, J. If we assume that the truth of the exceptions has been established, we think that they must be overruled. The substance of the defendant's contentions is, that the Slater Woollen Company, having been incorporated "for the purpose of manufacturing fabrics of wool and worsted or of a mixture thereof with other textile materials," could not, by and in the name of persons who were in fact keeping a store as its agents, but whose agency was undisclosed, sell groceries, dry goods, and other similar articles to the defendant, who was not employed by the company, and then maintain an action against him to recover either the price, or the value of the goods sold.

If the goods were the property of the plaintiff, and were sold by its agents, the plaintiff can sue as an undisclosed principal.

It was said of *Chester Glass Co.* v. *Dewey*, 16 Mass. 94, in *Davis* v. *Old Colony Railroad*, 131 Mass. 258, 273, that "The leading reason assigned was, 'The Legislature did not intend to prohibit the supply of goods to those employed in the manufactory;' in other words, the contract sued on was not *ultra vires*. That reason being decisive of the case, the further suggestion in the opinion, 'Besides, the defendant cannot refuse payment on this ground; but the Legislature may enforce the prohibition, by causing the charter to be revoked, when they shall determine that it has been abused,' was, as has been since pointed out, wholly *obiter dictum*." But the weight of authority, we think, supports the last reason given in its application to the facts of the present case. There is a distinction between a corporation making a contract in excess of its powers, and making a

contract which it is prohibited by statute from making, or which is against public policy or sound morals; and there is also a distinction between suing for the breach of an executory contract and suing to recover the value of property which has been received and retained by the defendant under a contract executed on the part of the plaintiff.

If it be assumed, in favor of the defendant, that the contracts of sale in the case at bar were *ultra vires* of the corporation, they were not contracts which were prohibited, or contracts which were void as against public policy or good morals; the defect in them is, that the corporation exceeded its powers in making them. The defendant, under these contracts, has received the goods, and retained and used them. Either the corporation must lose the value of its property, or the defendant must pay for it; in such an alternative, courts have held, on one ground or another, that an action can be maintained when the sole defect is a want of authority on the part of the corporation to make the contract. We think that the corporation can maintain an action of contract against the defendant to recover the value of the goods. The defendant is not permitted to set up this want of authority as a defence; and, as the form of the transaction was that of contract, such should be the form of the action.

We are not required to determine whether an action can be maintained to recover the price, as distinguished from the value of the goods, as no exception has been taken to the measure of damages. *Chester Glass Co.* v. *Dewey, ubi supra. Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62. *Woodruff* v. *Eastern Railroad,* 93 N. Y. 609. *Nassau Bank* v. *Jones,* 95 N. Y. 115. *Pine Grove Township* v. *Talcott,* 19 Wall. 666, 679. *National Bank* v. *Matthews,* 98 U. S. 621. *National Bank* v. *Whitney,* 103 U. S. 99. See *Whitney* v. *Leominster Savings Bank,* 141 Mass. 85; *Bowditch* v. *New England Ins. Co.* 141 Mass. 292; *Wright* v. *Pipe Line Co.* 101 Penn. St. 204.

*Exceptions overruled.*