GEORGE C. MORRELL *vs.* STILLMAN F. KELLEY.

Suffolk.    March 22, 23, 1892. — September 9, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Findings of Master and Single Justice — Exceptions — Pledge of Stock.*

If the finding of a master purports to be on the whole evidence, an exception thereto on the ground that the finding is merely a conclusion or inference from the facts previously found is properly overruled.

If a justice of the Superior Court finds on the evidence as the master has found, this court will not reverse their findings unless clearly wrong.

On a bill in equity to redeem certain shares of stock alleged to have·been pledged to the defendant as collateral security for a loan, it appeared that the transaction was made through an agent of the pledgor or seller, and the defendant's chief contention was that, whatever the pledgor or seller may have thought, the defendant understood it to be a sale, and this was the only contract with the agent.  The certificates were indorsed in blank by the owner, and the contention was, that, if a principal intrusts to his agent certificates so indorsed, he is estopped to set up secret instructions to his agent qualifying or restraining his authority.  *Held*, that there was no occasion to consider this question of law, as the finding that the transaction was a pledge was equivalent to a finding that all the parties so understood it.

LATHROP, J.    This is a bill in equity, filed in the Superior Court, to redeem certain shares of stock of the South Hill Gold Mining Company, alleged to have been pledged to the defendant as collateral security for a loan of $1500, on May 24, 1884.    The case is reported for our determination upon the pleadings, the report of a master, the order of reference to him, the objections and exceptions to the master's report, the order of the court thereon, the appeal therefrom, the final decree in favor of the plaintiff, and a voluminous report of the evidence taken before the master.

The master's report, after stating several subsidiary facts, concludes as follows : " The case is a· very close one, and the testimony it is impossible to reconcile.    But, upon all the testimony in the case, I am of the opinion that the transaction was a pledge."

The question before the master was whether the transaction was an absolute sale of the stock, or whether it was a pledge. Although the. concluding sentence is somewhat ambiguous, we are of opinion that it may fairly be construed to mean that the

master found this as a fact from the evidence, and did not state it as a conclusion of law.

The defendant excepted to such finding, " on the ground that such inferential fact or conclusion of law is not only not justified, but contradicted by all the primary facts bearing upon the question found by the master." As this exception goes upon the ground that the finding was merely a conclusion or inference from the facts previously found, it was not well taken, and should have been overruled, since the finding purports to be on the whole evidence. When, therefore, the justice of the Superior Court who heard the exceptions construed the exception more liberally, and considered whether it was justified by the evidence, his action was favorable to the defendant, and gives him no cause of complaint. On this evidence, the justice of the Superior Court found as the master had found, and overruled the exception.

We are now asked to reverse the findings of the master and of the justice. This the court will not do unless such findings are clearly wrong. *Dean* v. *Emerson,* 102 Mass. 480. *Trow* v. *Berry,* 113 Mass. 139, 146. *Newton* v. *Baker,* 125 Mass. 30. *Morse* v. *Hill,* 136 Mass. 60, 70. *Whitney* v. *Leominster Savings Bank,* 141 Mass. 85, 87. *Southbridge Savings Bank* v. *Mason,* 147 Mass. 500. *Newell* v. *West,* 149 Mass. 520. On considering the evidence, we cannot say that the findings are clearly wrong.

The transaction in question was made through an agent of the pledgor or seller, and the defendant's chief contention is, that, whatever may have been the understanding of the pledgor or seller, the defendant understood it to be a sale, and this was the only contract made by the agent with him. The certificates of the shares of stock were indorsed in blank by the owner; and the contention is, that, if a principal intrusts to his agent the possession of such certificates so indorsed, he is estopped to set up secret instructions to his agent qualifying or restricting such apparently absolute authority. We have, however, no occasion to consider this question of law, for we are of opinion that the finding that the transaction was a pledge was equivalent to a finding that all the parties so understood it.

*Decree affirmed.*

*I. R. Clark,* for the defendant.
*R. M. Morse,* (*C. E. Hellier* with him,) for the plaintiff.