INHABITANTS OF ·WEST SPRINGFIELD *vs.* WEST SPRINGFIELD AQUEDUCT COMPANY.

Hampden. · October 2, 1896. — October 29, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Waterworks — Town — Statute — Award of Commissioners.*

A statute which incorporated an aqueduct company authorized it to hold real and personal estate not exceeding a certain sum in value, and provided that the whole capital stock should not exceed $75,000; authorized the town in which the corporation was located to take by purchase or otherwise "the franchise of said corporation, and all its corporate property, at such prices as may be agreed upon between the parties," and, if they failed so to agree, this court was empowered to appoint commissioners to determine the sum to be paid for such franchise and property, "which award shall be final"; and provided that, for

the purpose of defraying the cost of such franchise and property as might be so taken or purchased, the town might issue bonds to an amount not exceeding $75,000. *Held*, that commissioners appointed under the statute were not limited, in awarding the amount to be paid by the town, to the sum of $75,000.

A town, which is authorized by statute to take the franchise and property of an aqueduct corporation, is not entitled to avail itself, in objecting to the award of commissioners appointed under the statute to determine the amount to be paid by the town, of the fact that the corporation owns property in excess of the amount prescribed by the statute, if it is property which pertains to the purposes of its incorporation.

The provision in a statute incorporating an aqueduct company, that "this act shall take effect upon its passage, and shall become void unless the work is completed within one year," does not prevent the corporation from taking, after the expiration of the year, any land, water, or water rights that may be necessary in order properly to supply the town where it is located and the inhabitants with water.

It cannot be said, as matter of law, that the right to take additional land, water, or water rights, if found necessary, which a town authorized by statute to purchase the franchise and property of an aqueduct corporation has acquired by its purchase, is not of some value, and that commissioners appointed under the statute to determine the amount to be paid by the town cannot properly consider it.

That a town is given by the statute incorporating an aqueduct company the right by vote to purchase the franchise and property of the corporation at any time, upon the terms expressed in the charter, is a fact which may be considered, in determining the value of the franchise, by commissioners appointed under the statute for that purpose. It cannot be said, as matter of law, whether it would enhance or diminish such value.

PETITION to this court, alleging that, by St. 1875, c. 138, the respondent was incorporated for the purpose of supplying the town of West Springfield with water; that, acting under the authority of the statute, the respondent had taken land, built reservoirs and other suitable works, and laid pipes through the streets of the town, and had furnished and distributed water to a portion of the inhabitants of the town; that the statute, in § 7, provided as follows : " The town of West Springfield may, at any time, by a vote of two thirds of the legal voters present and voting therefor at a legal meeting held for the purpose, take by·purchase or otherwise the franchise of said corporation, and all its corporate property, at such prices as may be agreed upon between the parties, and in case the parties cannot agree upon the price to be paid therefor, the Supreme Judicial Court, or any justice thereof in term time or vacation, shall appoint three commissioners, who, after due notice given to said town and said corporation, shall determine and award what sum said town shall pay for said franchise and its corporate property, which

award shall be final"; and that, at a meeting of the town held on June 1, 1892, in pursuance of a warrant containing the following article : " To see if the town will take any action in regard to the taking of the franchise and corporate property of the West Springfield Aqueduct Company, by authority of " the statute, it was unanimously voted that the town take, by purchase or by the authority given in the statute, " the franchise and all the corporate property, rights, and privileges of the West Springfield Aqueduct Company. And the selectmen of the town be and are hereby authorized to purchase said franchise, corporate property, rights, and privileges for the town, at such price as may be agreed upon between the selectmen and said Aqueduct Company. And in case the parties cannot agree upon the price to be paid therefor, the selectmen are authorized to use the proper and lawful means to take and secure to the town said franchise, property, rights and privileges by authority of law." The petition further alleged, that since the above vote the selectmen of the town and the officers of the respondent had consulted together and could not agree upon the price to be paid by the town for the franchise, corporate property, rights, and privileges; and prayed for the appointment of three commissioners to determine and award what sum the town should pay for such franchise and corporate property.

Commissioners were duly appointed, who made a report, in substance as follows. It appeared that the respondent conveyed to Elinza B. Craig, by deed dated June 1, 1892, acknowledged and recorded, certain real estate described therein; that the town took the aqueduct property under a vote passed June 1, 1892, and that the town, on April 3, 1895, passed the following vote : " Voted that the selectmen be and hereby are authorized to quitclaim to E. B. Craig land conveyed to said Craig by the West Springfield Aqueduct Company, provided that the commissioners appointed to award damages for. the taking of said company's land shall exempt the town from payment on said tract."

No evidence as to the value of the land so conveyed to Craig was given before the commission, and it further appeared that a deed of the town by the selectmen had been made and delivered to Craig pursuant to the vote. The commissioners did not in-

clude in their award any sum whatever on account of the land conveyed to Craig, and did not give any consideration to the same in making up their award.

At the close of the evidence, the petitioner presented the following requests for rulings:

" 1. Under St. 1875, c. 138, this commission cannot award to the West Springfield Aqueduct Company an amount exceeding seventy-five thousand dollars ($75,000).

" 2. The West Springfield Aqueduct Company is not entitled to and cannot have any award for any waters, lands, or water rights not actually taken by said company within one year from the passage of St. 1875, c. 138.

" 3. The West Springfield Aqueduct Company is not entitled to and cannot have any award for any waters, lands, or water rights not actually taken by said company prior to the taking by the town of the franchise and corporate property of said company.

" 4. If the West Springfield Aqueduct Company is entitled to any award for its franchise, it must be a valuation based upon the fact that said franchise was one of which said company were liable at any time to be deprived by the town of West Springfield."

The commissioners declined to adopt the first and second rulings requested, and disregarded them. The commissioners also declined to adopt the third ruling requested, but assumed, in making their award, that (1) the respondent was not entitled to and could not have any award for any waters, lands, or water rights not actually taken or lawfully acquired by it prior to the taking by the petitioner of the franchise and property of the respondent; and that (2) the respondent was entitled to a reasonable sum for the rights which it enjoyed at the time of the taking to take additional lands, waters, and water rights beside what it had then actually acquired. The commissioners also declined to adopt the fourth ruling requested, and ruled that the respondent was entitled to a reasonable sum for its franchise, ascertained with due regard to the fact that the petitioner could at any time by vote deprive it of such franchise on making compensation in conformity with St. 1875, c. 138, § 7.

It appeared in evidence, that the respondent, before the tak-

ing of its property by the petitioner, issued bonds which were secured by a mortgage upon its property, which mortgage and bonds secured thereby were outstanding and in force.

The commissioners found and awarded that the respondent, upon satisfying and paying the bonds and procuring the discharge of the mortgage securing the same, would be entitled to recover of the petitioner the sum of $125,430.13, together with interest upon that sum at the rate of six per cent from July, 1892. This sum included $430.13 for the value of certain water pipe received by the petitioner from the respondent, which amount was admitted to be due.

Hearing before *Knowlton*, J., upon the report of the commissioners and a motion of the respondent that the report be accepted and confirmed. The petitioner objected to the acceptance and confirmation of the report, on the ground that the commissioners refused to rule as requested.

The judge reserved the case for the consideration of the full court upon the questions of law raised by the petitioner and appearing in the report of the commissioners.

If the rulings of the commissioners were correct, the report was to be accepted and confirmed ; otherwise, such order and decree to be made as equity and justice might require.

*W. H. Brooks*, for the petitioner.

*F. P. Goulding*, for the respondent.

FIELD, C. J. The requests for rulings made by the town of West Springfield, and the rulings of the commissioners, appear in their report.

The first request is, that the commissioners cannot award a greater sum than seventy-five thousand dollars. By St. 1875, c. 138, § 7, the town is authorized to take by purchase or otherwise "the franchise of said corporation, and all its corporate property, at such prices as may be agreed upon between the parties "; and in case they cannot agree upon the price to be paid therefor, this court or one of its justices is authorized to appoint three commissioners to "determine and award what sum said town shall pay for said franchise and its corporate property, which award shall be final."

The ground on which the town contends that the award cannot exceed seventy-five thousand dollars is, that by the fifth

section of the statute the corporation is authorized to hold real and personal estate not exceeding in amount sixty thousand dollars in value, and it is therein provided that " the whole capital stock shall not exceed seventy-five thousand dollars," etc.; and by the eighth section it is provided that, " For the purposes of defraying the costs of such franchise and corporate property as may be taken or purchased for the purposes aforesaid, the town of West Springfield shall have authority to issue, from time to time, notes, bonds, or certificates of indebtedness, to be denominated ' West Springfield Water Bonds,' to an amount not exceeding seventy-five thousand dollars," etc.   These provisions perhaps indicate an opinion on the part of the Legislature, that the price of the franchise and of all the corporate property of the corporation probably would not exceed seventy-five thousand dollars, if the town should vote to take the franchise and property under the seventh section, but it is not made a condition of the right of the town to take or purchase the property that the sum to be paid or awarded shall not exceed seventy-five thousand dollars.   The nature of the right of the town, and the effect of its vote, are shown by the decision in *Braintree Water Supply Co.* v. *Braintree,* 146 Mass. 482.   It is plainly the intention of the St. of 1875, c. 138, that the commissioners, if appointed, should determine the price or value of the franchise and the corporate property, and that the corporation should not be compelled to part with its franchise and property except upon being paid a price which had been agreed upon between the parties, or ·had been determined by the commissioners.   If more money is needed to pay for the property than can be derived from the notes, bonds, or certificates of indebtedness to be issued under the eighth section of the statute, the town must raise the remainder in some other way. The town has the ordinary powers of towns to raise money by taxation, and the authority given to the town to buy or take the property impliedly authorizes the town to raise the money to pay for it.

By St. 1884, c. 36, the company was authorized to " issue bonds, and secure the same by a mortgage on its franchise and other property, to an amount not exceeding its capital stock actually paid in," etc.   The contention of the company is, that,

as by the original act the capital stock might be $75,000, the intention of St. 1884 was that bonds secured by a mortgage might be issued to a corresponding amount, if the stock was all issued and paid in, and that the stock and mortgage bonds of the company might be regarded as capitalized at $150,000. It appears by the report of the commissioners that the company had issued some bonds which had been secured by a mortgage on its property and were outstanding at the date of the award, and the award is made upon the condition that the company shall pay the outstanding bonds and procure the mortgage to be discharged. It nowhere appears in the report what the amount is of the capital stock of the corporation actually paid in, or of the bonds actually issued. Whether this authority to issue bonds can be regarded as an extension of the amount of real and personal property which the company, by St. 1875, c. 138, is authorized to hold, we think it unnecessary to decide. If the company owns real or personal estate adapted to the purposes of its incorporation beyond the amount prescribed by the Legislature, this fact, we think, cannot avail the town. The town must pay the value of the property the corporation owns, if it is property which pertains to the purposes for which the company was incorporated, even although the amount of property exceeds that which the corporation is authorized to hold. This limitation of the amount of property has been imposed by the Legislature for public reasons, and it may be enforced by the Commonwealth, but the town cannot take advantage of it to obtain the title to any of the property of the corporation without paying its value. *Slater Woollen Co.* v. *Lamb,* 143 Mass. 420. *Heard* v. *Talbot,* 7 Gray, 113, 120.

The second request is based on the eleventh section of the statute of 1875. This section is as follows: "This act shall take effect upon its passage, and shall become void unless the work is completed within one year." This means, we think, that the works shall be completed within a year from the passage of the act, so that the company may be able to supply the town of West Springfield and its inhabitants with water; but it was not intended that after the expiration of the year the works might not be extended to meet the growing necessities of the town or its inhabitants. It does not appear in the

papers before us that after the expiration of the year the company took any water, land, or water rights; but assuming that such is the fact, the practical construction put upon similar statutes has been that any water, land, or water rights which an aqueduct company is authorized to take may be taken from time to time according to the needs of the company, and that the power of the company is not exhausted by the first taking. It would require clear language to defeat such a construction, because from the changes which may occur it often becomes necessary that new sources of water should be taken or additional works built in order properly to supply the town and its inhabitants with water. We are of opinion that the phraseology of § 11 of St. 1875, c. 138, does not require the construction contended for by the petitioner. *Sudbury Meadows* v. *Middlesex Canal*, 23 Pick. 36, 51. *Woodbury* v. *Marblehead Water Co.* 145 Mass. 509, 512. *Dwight Printing Co.* v. *Boston*, 164 Mass. 247, 253.

The third request, we think, was properly modified by the commissioners. It depends upon the question whether the charter of the company was intended to give to it the right to take and hold land, water, and water rights from time to time, as it might need them in order to supply the town and its inhabitants with water, and whether such right will pass to the town if the award is confirmed. As we have said, we think that this is the proper construction of the charter, and that the right passes to the town. We cannot say, as matter of law, that the right to take additional land, water, and water rights, if found necessary, which the town has acquired by its purchase, is not of some value, and that the commissioners could not properly consider it.

We perceive little or no difference between the fourth ruling requested and that given. The fact that the town had the right by vote to purchase the franchise and corporate property at any time upon the terms expressed in the charter was a fact which might be considered in determining the value of the franchise. We cannot say, as matter of law, whether it would enhance or diminish the value.

The award should be accepted and confirmed.

*Ordered accordingly.*