McLEAN COMPANY *vs.* GEORGE H. SIDEBOTTOM.

Suffolk. November 3, 1931. — November 5, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Pleading, Civil,* Answer, Amendment. *Corporation,* Ultra vires. *Contract,* Validity, Implied. *Estoppel.*

In an action of contract by a corporation for money lent, the defence of *ultra vires* is not open if it is not set up in the answer.

It would be contrary to every dictate of fair dealing and good conscience to permit a defendant, in an action by a corporation for money lent, to retain the proceeds of a loan inadvisedly made to him by the corporation, although the making of the loan by the corporation was *ultra vires.* Per RUGG, C.J.

It *seems* that the mere fact that a corporation brought an action for money lent, instead of an action for money had and received to the plaintiff's use, against one to whom inadvisedly it had lent money *ultra vires*, should not stand in the way of manifest justice and make a defence of *ultra vires* effectual because of the state of the pleadings.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 24, 1930.

Pleadings are described in the opinion. The action was heard in the Municipal Court by *Adlow*, J., who found for the plaintiff in the sum of $900, and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*J. S. Calese*, for the defendant.

*A. L. West*, for the plaintiff.

RUGG, C.J. This is an action of contract. The declaration was in a single count to the effect that the defendant owed the plaintiff for money lent, together with interest. The answer set up various defences but omitted any averment that the loan was *ultra vires* the corporate powers of the plaintiff. There was evidence to support the allegation of the declaration. The defendant excepted to the refusal of the trial judge to grant a request of this tenor: "If the court finds that the plaintiff did loan the defendant the sum of nine hundred (900) dollars, then this contract was not within the scope of the plaintiff's charter, was *ultra vires*, and the plaintiff cannot recover." The finding was for the plaintiff. Every question of fact, therefore, is now resolved in favor of the plaintiff. It must be taken as established that the plaintiff made the loan to the defendant.

The request was rightly denied. The defence of *ultra vires* was not open unless set up in the answer. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 595–596.

At the trial it was admitted that the plaintiff was a Massachusetts business corporation with no power granted under its charter to make loans of money. If it be assumed that the defence of *ultra vires* was open, the case at bar comes within the principles stated by Mr. Justice Knowlton in *Nims* v. *Mount Hermon Boys' School*, 160 Mass. 177, 179–180, concerning contracts by a corporation outside its charter

powers: ". . . courts have frequently held that, while such contracts considered merely as contracts are invalid, they involve no such element of moral or legal wrong as to forbid their enforcement if there has been such action under them as to work injustice if they are set aside. Courts have been astute to discover something in the nature of an equitable estoppel against one who, after entering into such a contract and inducing a change of condition by another party, attempts to avoid the contract by a plea of *ultra vires.* It is said that such a plea will not avail when to allow it would work injustice and accomplish legal wrong . . . . Many cases might be supposed in which it would be most unjust to hold that one who had received the benefits of such a contract might retain them and leave the other party without remedy, as he might do in a supposable case, where another had put himself at a disadvantage on the faith of a contract with him to commit a crime." That is a just and salutary principle. It would be contrary to every dictate of fair dealing and good conscience to permit a defendant to retain the proceeds of a loan inadvisedly made to him by a corporation. At this stage of the case the distinction between a count for money lent and a count for money had and received by the defendant to the plaintiff's use is purely formal and ought not to be permitted to stand in the way of the accomplishment of manifest justice. Moreover, in the Appellate Division the plaintiff was allowed to amend its declaration by inserting a count for money had and received. Thus, whatever may have been the formal defect, it has been cured. The principles governing the rights of the parties are set forth at length in *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 600–603, where numerous cases are collected.

*Order dismissing report affirmed.*