Adlow, J.
This is an action of contract brought by a credit union against two co-makers on a promissory note. The answer of the defendants includes a general denial; denial of consideration; denial of authority of parties making said loan to act for plaintiff; and that said loan was ultra vires because not in conformity with Gen. Laws, Ch. 171, sec. 24 (A) 2.
It was agreed at the trial that the defendants signed the note as co-makers; that the plaintiff credit union was au *242 thorized to act under the laws of the Commonwealth, and that the unpaid balance of the note was $208.57. The note, in the usual form, was offered in evidence and received by the court. It was signed by Amos H. Carnegie as maker, and by the defendants as co-makers. It was agreed that the co-makers were not members of the plaintiff credit union. All signatures were witnessed by Nathaniel J. Julien, who was treasurer and managing officer of the plaintiff credit union. Said Julien testified at the trial that on August 18, 1937 Amos Carnegie and the defendants, Dorsey and Gilmore, came to the office of the plaintiff, signed the note in his presence, and that a check for $148.00 and cash for $52. was given to said Carnegie by him at the time in exchange for the note. There was no other evidence. The plaintiff requested the court toi rule in effect that ■
(1) The evidence warranted a finding for the plaintiff
(2) The plaintiff was not barred from recovering by the provisions of Gen. Laws, Ch. 171, sec. 24 (A) 2.
These requests were denied by the court, who found for the defendants.
In this Commonwealth credit unions may make loans to an amount not exceeding $300. “if secured by the note of the borrower with one or more responsible endorsers thereon, or with satisfactory collateral pledged to secure the same, or if secured by the joint or several note of two or more members.” Gen. Laws, Ch. 171, sec. 24 (A) 2. The obvious purpose of this provision of the law is to protect credit unions from the hazards of poorly secured loans. If it has been violated, and parties benefiting from the irregularity are permitted to retain the benefits of their act, the very purpose of the law will be defeated. Courts have heretofore considered such provisions in our law as directory and not prohibitory (Bowditch v. N. E. Mutual Life Ins. Co., *243 141 Mass. 292) and have held that one who enters into such transaction and induces a change of position by the other party is estopped from avoiding the obligation of his contract by the plea of ultra vires. (McLean v. Sidebottom, 277 Mass. 158. See also Nowell v. Equitable Trust Co., 249 Mass. 585, 600.) The ruling of the court to the effect that the plaintiff was barred from recovery by these provisions of the law was clearly wrong.
Most of the facts in this ease were agreed upon. The evidence offered by the plaintiff was undisputed. The defense raised by the defendants in their answer alleging an absence of consideration is without merit. One wlm lends his name to some other person as an accommodation party to an instrument is liable to a holder in due course even though he has received no value therefor. (Gen. Laws, Ch. 107, see. 52.) It has been held in this Commonwealth that the presentation in evidence of a note, the signatures to which are admitted, not only warrants a finding for the plaintiff, but requires it. (Starks v. O’Hara, 266 Mass. 310, 314.) Accordingly, the finding of this court must be—
Finding for defendants vacated. Judgment to be entered for plaintiff in amount of $208.57.