### HERBERT v. SULLIVAN et al.

### No. 3693.

Circuit Court of Appeals, First Circuit.

Nov. 14, 1941.

James A. Herbert, of Boston, Mass. (J. Morton Rosenblum, of Manchester, N. H., on the brief), for appellant.

Frank B. Clancy, of Nashua, N. H. (Raymond C. Leahy, of Nashua, N. H., on the brief), for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This appeal is from judgments rendered for the defendants upon a verdict found for them by the District Court of New Hampshire in an action on a promissory note. The plaintiff-appellant, who resides in Massachusetts, is the duly appointed and qualified trustee in bankruptcy of the Commercial Brewing Company, a corporation organized under the laws of Massachusetts, which formerly had its principal place of business in that Commonwealth. The defendants-appellees are residents of Nashua in the State of New Hampshire and are the executors of the estate of John D. Sullivan, late of that city.

Jurisdiction is based upon diversity of citizenship and an amount in controversy in excess of three thousand dollars.

The note upon which this action was brought reads as follows:

"$5,000.00—   Nashua, New Hampshire.
"Oct. 31, 1935.

"On demand after date I promise to pay to the order of the Commercial Brewing Company, of Charlestown, Massachusetts, Five Thousand and no/100 Dollars payable at its office with interest at five per cent per annum value received. Secured by collateral one hundred shares Commercial Brewing Company stock.

"WILLIAM F. SULLIVAN
"MARY J. CODY
"ELLEN M. McMURRER.
"Executors of the Will of John D. Sullivan."

It appears that the money received on this note was used by the defendants to pay bills of the estate, that no part of it has ever been repaid and no interest has ever been paid on it, that demand was duly made by the plaintiff herein on August 27, 1940, that this demand was not complied with, and that the plaintiff brought this suit against the signers individually on November 6, 1940. The stock pledged as collateral is now valueless.

After the close of the evidence the District Court wrote a letter to counsel of record reading in part as follows: "If counsel desire to put in any more evidence relative to the right of the Commercial Brew-

ing Company to enter into the transaction. I would be glad to receive it provided that you signify your desire at once. In any event, I will invite further argument on the question of ultra vires on the part of the corporation as to whether or not a suit against the executors can be maintained on the note." In response counsel for the defendants moved to amend their answer by adding thereto the defense: "That the contract or agreement set forth in the plaintiff's complaint is ultra vires the plaintiff corporation, and the defendants received no benefit therefrom." This motion was granted, over the plaintiff's objection and exception, and the court based its finding for the defendants in part upon this defense.

We are constrained to hold that this defense is good.

It does not seem to be disputed that the Commercial Brewing Company, being a Massachusetts business corporation, had no power under its charter to make loans of money (see McLean Co. v. Sidebottom, 277 Mass. 158, 178 N.E. 284), and it has long been the rule in Massachusetts that an ultra vires contract is void, no action thereon being maintainable. Morville v. American Tract Society, 123 Mass. 129, 25 Am.Rep. 40; Davis v. Old Colony Railroad Co., 131 Mass. 258, 41 Am.Rep. 221; Nowell v. Equitable Trust Company, 249 Mass. 585, 144 N.E. 749; National Shawmut Bank v. Citizens' Nat. Bank, 287 Mass. 329, 191 N.E. 647. This is also the law of New Hampshire. Norton v. Derry Nat. Bank, 61 N.H. 589, 60 Am.Rep. 334. While none of the Massachusetts cases above cited is squarely in point, we feel that the language used by the court therein indicates that it would be held in Massachusetts that in the case at bar no action could be maintained on the note.

This, however, is by no means to say that the plaintiff herein is remediless. The cases cited above all concede that one in his position may, under appropriate circumstances, have a remedy other than upon the express contract itself. McLean Co. v. Sidebottom, supra; see also 13 Am.Jur., Corporations, §§ 762, 766, 768. Query, however, if any action will lie against these defendants individually because as individuals they derived no benefit from the loan. See Nowell v. Equitable Trust Company, supra; National Shawmut Bank v. Citizens' Nat. Bank, supra; but see also L'Herbette v. Pittsfield Nat. Bank, 162

Mass. 137, 38 N.E. 368, 44 Am.St.Rep. 354. But, however this may be, that question is not now before us and we, like the court below, express no opinion upon it.

The judgments of the District Court are affirmed with costs to the appellees.

MAGRUDER, Circuit Judge (dissenting).

I am constrained to dissent from the opinion of the court.

The note in question purports to have been made in New Hampshire. Where it was delivered does not appear, but by its terms it was payable in Massachusetts. Under the New Hampshire rule of the conflict of laws, the validity of the note as a contractual obligation of the defendants is governed by the law of Massachusetts, the place of performance. New York Life Insurance Co. v. McKellar, 1895, 68 N.H. 326, 330, 44 A. 516. Therefore, the federal district court sitting in New Hampshire, applying the New Hampshire rule of conflicts, as it should (Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Sampson v. Channell, 1 Cir., 110 F.2d 754, 759, 762, 128 A.L.R. 394), will look to the Massachusetts law to determine the liability of the defendants on the note.

The opinion of the court cites four Massachusetts cases for the proposition that an ultra vires contract is void, no action thereon being maintainable. Morville v. American Tract Society, 1877, 123 Mass. 129, 25 Am.Rep. 40; Davis v. Old Colony Railroad Co., 1881, 131 Mass. 258, 41 Am. Rep. 221; Nowell v. Equitable Trust Co., 1924, 249 Mass. 585, 144 N.E. 749; National Shawmut Bank v. Citizens' Nat. Bank, 1934, 287 Mass. 329, 191 N.E. 647. These are all cases of suits against the corporation on an ultra vires promise. It does not necessarily follow that ultra vires may be invoked as a defense when the corporation is suing the other party to a bilateral contract; the Massachusetts law on this is not entirely clear. See Davis v. Old Colony Railroad Co., 1881, 131 Mass. 258, 273, 274, 41 Am.Rep. 221; Slater Woollen Co. v. Lamb, 1887, 143 Mass. 420, 9 N.E. 823; Nowell v. Equitable Trust Co., 1924, 249 Mass. 585, 601, 144 N.E. 749; McLean Co. v. Sidebottom, 1931, 277 Mass. 158, 160, 178 N.E. 284. It is at least understandable to argue that if the ultra vires promise of the corporation is void, it is not good consideration to support a counterpromise by the oth-

er party. However that may be, the present is not a suit on a bilateral contract. It is a suit on the unilateral promise of the defendants contained in the note. Even though an ultra vires promise of the corporation may not be good consideration for a counterpromise, I do not see why the corporation's act of handing over the money should not be regarded as good and sufficient consideration to support the defendants' unilateral promise, and I find no decisions in Massachusetts holding the contrary on facts like the present. Mindful of our duty under Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, I still think we are free to hold that under the Massachusetts law the defense of ultra vires is not available to the defendants in a suit against them on the note. This kind of defense is not so fashionable as it once was, and we ought not to be astute to extend it beyond the clear holding of the Massachusetts cases.

Ultra vires aside, there seems to be no other defense to liability on the note. As I understand the Massachusetts law, an executor or trustee who signs a negotiable instrument in form like the one before us binds himself individually, notwithstanding § 20 of the Uniform Negotiable Instruments Law, and whether or not the obligation was properly incurred by him in the administration of the estate. See the discussion in Hamlen v. Welch, 1 Cir., 1940, 116 F.2d 413, 417, 418. The question whether the obligation was properly incurred is important only in determining whether the executor is entitled to reimbursement from the estate.