### WILLIAM H. ALLEN & another *vs.* LYDIA A. FULLER & another.

Franklin. September 22. — 23, 1875. AMES & DEVENS, JJ., absent.

In an action to recover the price of goods sold, evidence that they were charged on the plaintiff's books to another person, is not conclusive evidence that they were not sold to the defendant.

In an action on a promissory note signed by a married woman, the judge before whom the case was tried, without a jury, found as a fact that the note was given for goods sold to her on her sole credit, and ruled that she was liable therefor, although she received no benefit therefrom. *Held*, that the ruling was right.

CONTRACT on two promissory notes, signed by the female defendant as principal, and Joseph N. Fuller, her husband, as surety. Trial in the Superior Court, without a jury, before *Bacon, J.*, who allowed a bill of exceptions in substance as follows:

The defendant Joseph N. Fuller was defaulted. There was evidence tending to show that the goods sold, for which these

notes were given, were sold on the sole credit of Lydia A. Fuller, wife of Joseph N. Fuller. There was also evidence tending to show that the goods were sold and delivered to the husband on his sole credit, the same being charged to him on the plaintiffs' books, and that the wife, Lydia A., received no benefit from the goods sold, and none of the avails thereof came to her use.

Upon the whole evidence, the judge found as a fact that the goods were sold to the wife on her sole credit, and ruled that she was liable therefor, although she received no benefit therefrom, and they were not used on her estate, and found for the plaintiff; and the defendant Lydia A. alleged exceptions to said ruling.

*A. Brainard*, for the defendant.

*A. De Wolf*, for the plaintiffs.

BY THE COURT. Evidence that the goods were charged to the husband on the plaintiffs' books was not conclusive that they were sold to him. *James* v. *Spaulding*, 4 Gray, 451. The judge below, having found as a fact that the goods were sold to the wife and on her credit, rightly ruled as matter of law that she was liable therefor. *Spaulding* v. *Day*, 10 Allen, 96. *Labaree* v. *Colby*, 99 Mass. 559. *Wilder* v. *Richie*, 117 Mass. 382.

*Exceptions overruled.*