WILLARD M. PETTEY *vs.* SAMUEL BENOIT.

Bristol.    October 22, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Auditor's report.  *Appeal.  Evidence,* Book entries, Extrinsic affecting writings.

Where the rule to an auditor contains an agreement of the parties that the auditor's findings of fact shall be final, his rulings as to the admission of evidence are subject to review by the trial court upon a motion to recommit the report on account of alleged errors in such rulings, and if the motion is denied the party aggrieved may appeal to this court.

Entries made by a dealer in his books of account are not contracts but are private memoranda kept for his own use, and in an action for the price of goods sold and delivered he can show that goods charged on his books to another person were sold to the defendant.

In an action for the price of goods sold and delivered, where the plaintiff has introduced in evidence his books of account, assumed to have been books of original entry, wherein the goods alleged to have been sold to the defendant are charged to him up to a certain date and after that date are charged to his son, the plaintiff may be allowed to introduce evidence of a conversation with the defendant's son, in which the son asked the plaintiff to make out the bills to him instead of to his father but said that his father would be responsible for them, and to show that the goods although charged to the son were delivered according to the course of business to the defendant or to his order; and this conversation is admissible to explain why the charges were made as they were irrespective of the question whether the son had authority from his father to give the directions.

CONTRACT on an account annexed for goods sold and delivered. Writ in the Second District Court of Bristol dated April 27, 1905.

On appeal to the Superior Court the case was referred to L. Elmer Wood, Esquire, as auditor, in accordance with an agreement of the parties filed in court, in which it was stipulated " that his findings on the facts shall be final and that he shall hear the parties and make his report to the court on or before Dec. 21st, 1905."

The rule to the auditor was as follows:

" It appearing to the court that the trial of the above entitled cause will require an investigation of accounts, or an examination of vouchers by the jury, the court appoint as auditor L. E. Wood, Esq., to hear the parties, examine their vouchers and

evidence, state the accounts, and make report thereof to the court.

" Findings upon facts to be final and report to be filed on or before December 21st, 1905."

The auditor filed a report, in which he found the following facts:

The plaintiff was a dealer in mason's supplies, and the defendant, Samuel Benoit, was a mason and contractor. The action was for the price of supplies which the plaintiff alleged that he sold and delivered to the defendant, the items beginning on April 2, 1904. Before that time the defendant had asked the plaintiff to sell him supplies on credit, and the plaintiff had agreed to do so to a limited extent. In March, 1904, the defendant ordered supplies, which later were paid for, the money being delivered to the plaintiff by the defendant's son A. F. Benoit. These supplies were ordered at different times, sometimes by the defendant's teamsters, sometimes by his son, and in one or two instances during that month or later by himself, and they were put aboard the defendant's teams at the plaintiff's premises. Practically the same course was followed with reference to the items sued on. The plaintiff furnished all the supplies itemized in his account, and the prices charged were the fair market value of the goods.

The question in the case was whether the supplies so furnished were furnished to the defendant or to his son, A. F. Benoit. The latter was doing business on his own account in the autumn of 1903 and the spring of 1904. The goods furnished in April and included in the first thirteen items in the account were ordered and delivered in the same way as those furnished in March. The original entries of sales were made by the plaintiff or his clerks on slips of paper and from them were copied at the end of the month into a sales book, and the totals were carried to a ledger account. All the original charges up to April 26 were made against the defendant. The plaintiff testified that on that date the defendant's son stated to him that his father was in trouble financially and did not want to mix the plaintiff's account up with it, and asked him to send the bills in his name, A. F. Benoit, but said that his father would be responsible for them. The auditor found that A. F.

Benoit did make the statement to the plaintiff.    From that time charges in the sales book and ledger were made under the name of A. F. Benoit, and bills were sent out by the plaintiff in that name.    The original charge slips still were made against the defendant excepting certain items made by the plaintiff's bookkeeper, which were charged to A. F. Benoit.    The defendant objected and excepted to the admission in evidence of A. F. Benoit's statement to the plaintiff.

In April the defendant went into bankruptcy.    His teams previously had been transferred to his son, and business was carried on by his son.    The auditor found, however, that the plaintiff furnished all the goods charged, with the exception of certain items on which no evidence was introduced, to the defendant, in the same way after his bankruptcy as he had before, excepting that the charges were made and bills sent to A. F. Benoit as stated ; that the plaintiff sold the goods on the credit of the defendant and that the defendant did nothing to stop the plaintiff from continuing his dealings with him.

The auditor found for the plaintiff in the sum of $152.78, with interest from July 1, 1904, to the date of the writ.

The defendant moved to recommit the report to the auditor for further hearing and a supplemental report or for amendment, for the reasons that the auditor admitted the testimony of the plaintiff as to certain declarations made by A. F. Benoit affecting the question of the defendant's liability, to the admission of which testimony the defendant objected and excepted, that this testimony was hearsay only and the declarations were admissible only on the question of the defendant's liability, that no facts were shown in the report from which it could be found as a matter of law that A. F. Benoit was the agent of the defendant at the time the declarations were made or that A. F. Benoit had any authority to make such declarations to affect the defendant, and that there was no finding of fact that A. F. Benoit was such agent or other finding which showed any legal grounds why the declarations were admitted.

In the Superior Court *Holmes*, J. denied the motion, and made an entry that this was done as a matter of discretion.    There was a hearing on the auditor's report and judgment was ordered for the plaintiff in the sum of $276.95.    The defendant appealed.

*A. N. Lincoln & A. H. Hood,* for the defendant.

*S. W. Ashton,* for the plaintiff.

BRALEY, J.   Where the rule, as in the present case, contains an agreement of the parties that the auditor's findings of fact shall be final, he becomes in effect a referee, and if his rulings on the admission of evidence were not reviewable in some form great injustice might be done.   A proper motion to recommit for such errors presents the question in the first instance to the trial court, and if denied the party aggrieved may have the order reviewed by this court.   *Tripp* v. *Macomber,* 187 Mass. 109. *Allwright* v. *Skillings,* 188 Mass. 538.

It appears from the report that at the hearing before the auditor not only the liability of the defendant, but the delivery of the goods was in issue.   The sales were made by the plaintiff, or his clerks, and a memorandum of each sale was kept on slips of paper from which at the end of the month they were entered by them in a sales book, and then carried to the ledger.   Up to a certain date these entries were in the name of the defendant, but goods sold after that time were charged on the books to his son, although no changes were made on the original slips from which the items were taken.   From the language of the report it is to be assumed that the plaintiff, and the clerks who made the entries on the slips, testified in support of the charges appearing in the sales books, which thus became admissible as books of original entry to prove delivery.   *Kent* v. *Garvin,* 1 Gray, 148.   *Gould* v. *Hartley,* 187 Mass. 561.   *Field* v. *Thompson,* 119 Mass. 151.   *Kaiser* v. *Alexander,* 144 Mass. 71, 78. Such entries are in the nature of private memoranda kept by the plaintiff, and not being conclusive it was open to him to explain that notwithstanding the form in which they appeared, the goods though charged to the son were delivered according to the course of business between them either to the defendant, or to his order.   *James* v. *Spaulding,* 4 Gray, 451.   *Commonwealth* v. *Jeffries,* 7 Allen, 548, 564.   *Allen* v. *Fuller,* 118 Mass. 402.   The plaintiff's evidence of his conversation with the son, who requested that the bills for goods thereafter should be sent in his name instead of his father's, because of the latter's request and financial condition, was competent in explanation of the subsequent account.   *Langdon* v. *Hughes,* 107 Mass. 272, 274.   *Holmes* v.

*Hunt,* 122 Mass. 505. As the evidence was admissible for this purpose it becomes immaterial to inquire whether the son was the defendant's agent by whose directions he would be bound, and the motion to recommit was properly denied.

*Judgment affirmed.*