### SULLIVAN NILES vs. HENRY S. ADAMS.

Suffolk. December 7, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract*, What constitutes. *Evidence*, Admissions, Presumptions and burden of proof. *Words*, "Charged."

In an action of contract upon an account annexed for goods sold and delivered to a third person upon an alleged original promise of the defendant to pay for them, there was evidence that, before the goods were delivered, the defendant had sent to the plaintiff a letter in which he had stated that any such goods delivered after a date then two months past should be charged to him personally, that

after receiving the letter the plaintiff had delivered the goods in question and had sent bills to the defendant which did not have on them the name of the defendant, but only the names of the third person and of the plaintiff, that the defendant had paid some of the bills and had stated to the plaintiff that, if he had sent the plaintiff the letter above referred to, he " supposed he would have to pay the bill." On the plaintiff's book of original entry the goods stood charged to the third person. *Held*, that the facts that the charges purported to be made to the third person and that his name appeared on the bills were not decisive that credit was not given to the defendant, and therefore that the question of the liability of the defendant was for the jury.

A statement in a letter to a tradesman that certain goods to be furnished by the tradesman to a third person should be " charged " to the writer of the letter is equivalent to a promise by the writer of the letter to pay the tradesman for goods so furnished.

The conduct of a tradesman, in putting charges for goods, furnished to a third person on the original promise of another to pay for them, on his books under the name of the third person, is merely an admission on the part of the tradesman to be considered with other evidence on the subject, including explanations by the tradesman of his reason for doing so; and therefore, in an action by the tradesman against the promisor, the judge need not charge the jury that such conduct is *prima facie* evidence against the plaintiff that he gave credit to the third person and not to the defendant.

CONTRACT upon an account annexed for milk and eggs which the plaintiff contended he furnished to one Esther A. Squire from January 2, 1905, to May 9, 1906, upon the credit of the defendant. Writ in the Municipal Court of the City of Boston dated October 16, 1907.

On appeal to the Superior Court, the case was tried before *Hitchcock*, J. The delivery of the goods was not questioned and there was no contention that the bill was paid.

There was evidence that for some time previous to May 6, 1904, the plaintiff had furnished milk and eggs to Miss Squire and had rendered statements of account bearing her name which were paid by one Fred Squire, excepting one for goods furnished during the three months previous to April 1, 1904, which on June 13, 1904, was paid by a check signed by the defendant as " conservator of the property of Esther A. Squire "; that on May 6, 1904, the plaintiff received a letter, signed, " H. S. Adams, Conservator," and reading as follows: " In regard to bills which you have sent to Miss Squire for milk, I would say that doubtless you are aware that the financial affairs of Miss Squire are somewhat involved. Ever since I have been appointed conservator I have been endeavoring to straighten them

out, but have not succeeded in doing so yet. I shall pay your bill as soon as I can raise money for the payment of her bills. Any milk and eggs delivered since March 1st, should be charged to me personally, as I have taken the expense of caring for the house upon my own shoulders, so as to relieve her estate of that burden."

In his book of original entry the plaintiff kept the account under the name of Miss Squire, and all bills which he sent, excepting three, were headed, "Miss Squire to Sullivan Niles, Dr." Of the three exceptions, one was dated October 1, 1905, and was headed "Miss Squire — H. S. Adams," one December 1, 1905, and headed "Mrs. Lockwood Estate," and one May 12, 1906, and headed "H. S. Adams." All bills after May 6, 1904, were sent to the defendant. The plaintiff testified that after receiving the defendant's letter of May 6, 1904, he did not consider that it made any difference as to just how the bills were headed or in whose name they were made out so long as he sent them to the defendant.

The defendant admitted that he stated to the plaintiff that, if he had sent the plaintiff the letter of May 6, 1904, "he supposed he would have to pay the bill."

At the close of the evidence the defendant asked for the following rulings:

"(1) That, upon all the evidence, the plaintiff is not entitled to recover.

"(2) That there is not sufficient evidence to go to the jury that the defendant ever promised the plaintiff to pay for milk and eggs delivered after January 1, 1905.

"(3) If the plaintiff charged to Miss Squire on his books the milk and eggs in suit or presented bills therefor in the name of Miss Squire, that is *prima facie* evidence against the plaintiff that he gave the credit to Miss Squire and not to the defendant."

The presiding judge refused the rulings, and on the subject matter of the last request charged the jury as follows:

"It is not conclusive upon the liability of the defendant that the goods were charged to Miss Squire. It is not conclusive. It is a piece of evidence to be considered by you in the way in which it is offered. It is presented as something in the nature of a demand by the plaintiff that he understood that the in-

debtedness was an indebtedness of Miss Squire, and that he was sending the bills to the defendant at his request. The evidence is before you, and evidence bearing upon the question of what the plaintiff understood with reference to the party to whom the credit was to be given.

" And the same thing is true in regard to the form in which the bills were made out, and as they were sent to the defendant. They are not conclusive in any way, but if they are admissions, why, they are to be taken for what they are worth as admissions on the part of the plaintiff. If they have any weight in determining the question of the liability of the defendant upon the contract, why, they are to be given such weight as you think they are entitled to have."

The jury found for the plaintiff in the full amount claimed; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Wright & W. E. Tucker*, for the defendant.

*C. L. Allen & H. P. Herr*, for the plaintiff.

SHELDON, J. The defendant's first request for instructions could not have been given. There was evidence that on May 6, 1904, he promised in effect to pay for the milk and eggs to be furnished by the plaintiff to Miss Squire; that the plaintiff furnished such supplies on the faith of that promise, and communicated this fact to the defendant by sending to him bills for the amount furnished from time to time, some of which bills the defendant paid. The fact that the charges purported to be made to Miss Squire and that her name appeared on the bills was not decisive that credit was not given to the defendant, or that the goods were not charged to him in the sense that he was expected to pay for them. *James* v. *Spaulding*, 4 Gray, 451. *Holmes* v. *Hunt*, 122 Mass. 505. *Pettey* v. *Benoit*, 193 Mass. 233.

The jury could find that the plaintiff had accepted the defendant's offer to pay for these supplies and had brought notice of his acceptance home to the defendant. *Springfield* v. *Harris*, 107 Mass. 532, 540.

For like reasons, the second request was properly refused. A distinction cannot be drawn between a request to charge goods to one personally and a direct promise to pay for them.

If any question as to the defendant's liability remained in

doubt, the jury could find that the doubt was removed by the defendant's admission that he supposed he would have to pay the bill if he had written the letter relied on by the plaintiff.

The last request, so far as it was correct, was given in substance. Taken at its strongest, the conduct of the plaintiff in putting his charges under the name of Miss Squire and in making his bills run in her name was merely an admission on his part, open to explanation, and that is the way the judge put it to the jury. He was not bound to say that a particular piece of evidence was "*prima facie* evidence" for or against either party. That might have misled the jury. This point was sufficiently and accurately covered in the charge.

*Exceptions overruled.*