NEW LONDON SHIP AND ENGINE COMPANY *vs.*
DAVID SIMPSON.

Suffolk.    October 19, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Ship. Agency,* Liability of agent of undisclosed principal. *Contract,*
Implied. *Frauds, Statute of.*

An auditor who heard an action of contract against an individual for the
price of parts furnished for a sea going vessel found in substance that
the parts were furnished on the defendant's personal order and were
charged to him, and that the plaintiff, while knowing from his letter
heads that the defendant was a ship broker, had not heard of another
person, who was the owner of the vessel. A judge, who heard the action
without a jury upon the auditor's report and evidence of the defendant,
found for the plaintiff. *Held,* that
   (1) A finding was warranted that the vessel was not the principal;
   (2) A finding was warranted that the defendant entered into the
contract without disclosing his principal, and that there was no mutual
intention that he should not be bound;
   (3) In the circumstances, the defendant, agent ·of an undisclosed
principal, might be treated as the principal;
   (4) A finding for the plaintiff was warranted.
In the action above described, it appeared that under the defendant's
direction the goods were shipped to a yard where the vessel was moored
and there were received and used in the installation of an engine on the
vessel. *Held,* that a finding was warranted that there was a receipt
or acceptance within the statute of frauds so that the statute was not a
defence to the action.

CONTRACT for $1,374.93, alleged to be due on an account
annexed relative to the furnishing of parts for the installa-
tion of an engine in the schooner Aspinet at Boston during
the year 1916. Writ dated April 20, 1917.

In the Superior Court, the action was referred to an auditor.
Material conclusions by the auditor were as follows:

"I find that the plaintiff did not know or have any business
dealings with the defendant until the transactions involved
in this case; that the plaintiff knew from his letterheads that
the defendant was a ship broker, but did not hear of Hoie
[the owner of the vessel] until after the Aspinet sailed for

Norway; that the plaintiff dealt with the defendant alone and went to the expense and furnished the articles and services in the installation of the engine in the schooner on the sole credit of the defendant.

"I find and rule if material that there is nothing in the correspondence between the parties which advised the plaintiff that the defendant was not the party who would be responsible for the plaintiff's bills, and that the plaintiff did not know and was not chargeable with knowledge that the defendant was acting for a principal; that the defendant if he had been asked would have said that he was acting as agent for the owner of the schooner and was not himself an owner, but that the records in the Custom House in Boston would have shown that the defendant was the sole owner of the vessel. I find that the plaintiff knew that the articles and services furnished were for an engine that was being installed in a vessel known as the Aspinet, but rule that this was not a disclosure of a principal which relieved the defendant from personal liability. . . .

"I rule that the shipment of the items to the yard of the Bertelsen and Petersen Company, where the Aspinet was, and the receipt of them there for use in connection with the installation of the engine in the schooner was, under the circumstances of the case, a receipt or acceptance of the items within the statute of frauds and that the statute is not a defence to this action."

The action was heard by *Keating,* J., without a jury. Material rulings by the judge are described in the opinion. He found for the plaintiff in the sum of $1,979.46. The defendant alleged exceptions.

*H. L. Barrett,* for the defendant.

*J. H. Vahey, J. P. Vahey, & P. Mansfield,* for the plaintiff, submitted a brief.

BRALEY, J.   This is an action of contract to recover the price of certain parts furnished and expenses incurred by the plaintiff in the installation of an engine in the schooner Aspinet.   The judge, by whom the case was heard without a jury on an auditor's report in favor of the plaintiff and the evidence of the defendant, found for the plaintiff, and the

case is here on the defendant's exceptions to his refusal to give the following requests.

"On all the evidence the plaintiff is not entitled to recover."

"The delivery of parts for the engine at the yard of Bertelsen and Petersen Company where the Aspinet was being fitted out for her owner Hoie, did not constitute an acceptance and actual receipt of said parts by the defendant Simpson, within the statute of frauds."

"There is no legal ground for charging the defendant upon any promise by him to pay the amount claimed by the plaintiff since there was no consideration for any such promise and the statute of frauds also precludes any such action, the promise not being sufficiently set forth in writing."

"If the plaintiff knew that the parts in question were furnished for the schooner Aspinet, the vessel itself was a disclosed principal and a ship broker, acting as a mere agent for the vessel and not being in fact an owner, is not personally liable."

The judge was not bound to believe the defendant, and on the report he was warranted in finding that the parts supplied and the services performed were on the defendant's personal order and were charged to him, and that the plaintiff, while knowing from his letter heads that the defendant was a ship broker, had not heard of Claus Hoie, an inhabitant of Norway, who was the owner of the vessel. It was only after the installation had been completed that Hoie hired a former owner as captain, and the vessel sailed for Norway. The vessel itself was not a principal, and the case at bar is distinguishable from *Goodenough* v. *Thayer*, 132 Mass. 152, relied on by the defendant. A general finding was warranted that the defendant entered into the contract without disclosing his principal, and that there was no mutual intention as in *Davis* v. *Cress*, 214 Mass. 379, that he should not be bound. It is settled that under such conditions the agent of an undisclosed principal may be treated as the principal. *Merriam* v. *Wolcott*, 3 Allen, 258. *Welch* v. *Goodwin*, 123 Mass. 71. *Ginn* v. *Almy*, 212 Mass. 486, 504.

The parts were shipped to the yard of Bertelsen and Petersen Company where the schooner was moored, and they were

received and used in the installation of the engine. The shipment having been made under the defendant's direction, and accepted by him, as the judge could find, the statute of frauds is not a defence. *Howard* v. *Borden,* 13 Allen, 299. *Kemensky* v. *Chapin,* 193 Mass. 500, 507. G. L. c. 106, § 6, (1).

The requests were denied rightly, and no error of law appearing the entry must be,

*Exceptions overruled.*