BARR-WIGHT CO., INC. *vs.* PHILLIP BUTKOVITZ.

Suffolk.   April 3, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency*, Undisclosed: liability of agent. *Corporation*, Officers and agents. *Contract*, Implied.

At the trial of an action of contract against an individual upon an account annexed for goods sold from February to November, 1927, there was evidence that the plaintiff had known and dealt with the defendant for many years, the defendant's account being carried on the plaintiff's books under his name with the words "Fur Company" added; that the goods described in the account annexed were sold and delivered to the defendant during the period there named; that in 1926 a corporation was organized under the same title under which the defendant had been doing business, with "Inc." added; that the defendant was one of the incorporators; that the corporation was dissolved in 1927; that the plaintiff had no knowledge that the defendant was doing business as a corporation when he sold him the goods in question but supposed he was doing business as an individual under his trade name; that in 1926 the defendant paid bills to the plaintiff by cash and checks made out in his trade name without "Inc."

added; that in 1927 the defendant paid the plaintiff checks but none were signed with "Inc." added to the trade name, and gave him notes signed with the trade name without the added "Inc."; that two days before the trial the defendant told the plaintiff, in substance, that he did not question the amount of the bill at all but that he did not pay it because he did not have the money. The judge ordered a verdict for the defendant. *Held*, that

(1) A finding was warranted that the defendant did not disclose to the plaintiff that the items of goods purchased were bought by him as agent for the corporation, and that the plaintiff did not know such was the fact;

(2) If the jury so found, the defendant, alleged agent of the undisclosed principal, might be treated as principal, and found liable;

(3) The verdict wrongly was ordered.

CONTRACT upon an account annexed. Writ dated June 13, 1928.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*K. A. Sanderson*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

PIERCE, J. This is an action of contract to recover on an account annexed the sum of $598, with interest from January 1, 1928. The plaintiff alleged that certain fur goods were sold to the defendant. At the trial it was agreed that the prices for which these goods were sold were fair and reasonable, and if the defendant owed anything to the plaintiff he owed the sum claimed by the plaintiff in the account stated. The case was tried in the Superior Court to a jury. At the close of the plaintiff's evidence the defendant rested and presented a motion that on all the evidence a verdict be directed for the defendant. The motion was allowed, and the case is before us on the exception of the plaintiff thereto.

The facts in their aspect most favorable to the plaintiff's contention, as they warrantably could have been found by the jury, are as follows: The president of the plaintiff corporation had known and dealt with the defendant for many years. All the goods stated in the account annexed were sold and delivered to the defendant in the months of February, May, July, September and November, 1927. Since

these sales and deliveries the president of the plaintiff corporation and the defendant had talked many times about the account. Two days before the trial the defendant said to the plaintiff's president, in substance, that he did not question the amount of the bill at all, that he did not pay it because he did not have the money. The account was carried on the books of the plaintiff in the name of Butkovitz Fur Company, and the items were delivered to the place of business of Butkovitz Fur Company. The business transactions were with the defendant, Philip Butkovitz, and all conversations in respect to the goods sold and delivered were with him only. The plaintiff's president supposed when he sold the goods to the defendant that the defendant was doing business under the name of Butkovitz Fur Company. He had no knowledge that the defendant was one of the incorporators of the Butkovitz Fur Company, Inc., a Massachusetts corporation chartered May 17, 1926, and dissolved in December, 1927; and he had no knowledge when the items of the account were sold and delivered that Butkovitz was doing business as a corporation under the name and style of Butkovitz Fur Company, Inc. The defendant paid the bills which he owed the plaintiff during the year 1926 by cash, and by checks made out in the name of Butkovitz Fur Company. He paid $4,000 in checks in 1927, and gave the plaintiff notes signed Butkovitz Fur Company; he did not give checks or sign notes for the year 1927 in the name of Butkovitz Fur Company, Inc.

On the foregoing facts it is plain the jury could find that the defendant did not disclose to the plaintiff that the items of goods purchased were bought by him as agent for the Butkovitz Fur Company, Inc., and that the plaintiff did not know such was the fact. In these circumstances it is settled that the agent of the undisclosed principal may be treated as principal. *Merriam* v. *Wolcott*, 3 Allen, 258. *New London Ship & Engine Co.* v. *Simpson*, 254 Mass. 76, 78. The evidence should have been submitted to the jury, and the exceptions must be sustained.

*Exceptions sustained.*