Barron, J.
This is an action in contract in which the plaintiff seeks to recover for goods sold and delivered and work performed by the plaintiff for the defendant as requested.
The question presented to the court was whether the goods sold and the services performed were rendered to the defendant as an individual or to the South Shore Farms, Inc., a corporation.
*82 The court found for the plaintiff and made a memorandum including the following finding of facts:
“I find that the plaintiff and defendant had been friends for years; that the defendant was engaged in running several undertakings, . . . and that the plaintiff had dealt with the defendant in connection with them and had done the printing for them. Several, if not all, of these were corporations. The plaintiff on his books designated the work for them but never in their complete corporate name. . . . ‘South Shore Farms, Inc.’ was a Massachusetts corporation and . . . the printing, the subject of this action, was-to be used at - the ‘South. Shore Farms, Inc.’ The charge on the books of the plaintiff, however, was to ‘South Shore Farm’ and all bills were so rendered, with no mention of incorporation. . . . The defendant testified that ‘we (referring to plaintiff and himself) were friendly and would go out together. He knew I was getting the place ready. I never told him it was a corporation’. The defendant testified that he was at plaintiff’s place of business about the printing five times. There was evidence that he gave the first order, which was for the printing of stationery with the heading ‘South Shore Farms, Inc.’ It does not appear whether the plaintiff’s attention was called to the phrasing of this heading. . . . Not long after this, the defendant was there with another order. He had a talk with the plaintiff and then the compositor was called in and in this defendant’s presence was told to leave out the word. ‘Inc.’ from the printing then ordered which was a menu.”
“I find that the plaintiff’s contract was with'the defendant”.
There was evidence presented at the trial of these facts, and also that the defendant was the treasurer and general manager of South Shore Farms, Inc., and owner of one quarter of its stock; and that the plaintiff was blind.
*83 The defendant claims to be aggrieved by the judge’s finding for the plaintiff and by the court’s refusal to rule that “the plaintiff failed to prove by a fair preponderance of the evidence that he had sold and delivered any goods or rendered any services to the defendant”. In denying this last request the judge added “assuming, to the defendant, includes to another, for the defendant”.
There is no error. There was sufficient evidence presented at the trial and herein recited from which the court could make a finding of fact that the plaintiff had done printing at the request and order of the defendant, which would entitle the plaintiff to a finding.
The fact that the plaintiff was blind; that the plaintiff and the defendant had been friends for years; that the defendant personally gave the orders and never told the plaintiff that the printing was for a corporation; that in one order, he requested the plaintiff to eliminate the word “Inc.” from the printing; that the charge on the plaintiff’s books was to South Shore Farm excluding “Inc.”; that all bills were so rendered warranted the judge in drawing an inference in accordance with the manifest probability that the contract for the printing was between the plaintiff and the defendant and not between the plaintiff and the South Shore Farms, Inc., a corporation. Gannon v. Ruffin, 151 Mass. 204, 206.
Whether the defendant, an officer of the corporation, acted as agent for the corporation or in his individual capacity is a question of fact. Stern v. Lieberman, 307 Mass. 77, 81, Barr-Wight Co. v. Butkovitz, 267 Mass. 372, Raymond Syndicate v. American Radio, 263 Mass. 147, 152, and findings of fact are not reviewable. Bresnick v. Heath, 292 Mass. 293, 296. Dillon v. Framingham, 288 Mass. 511, 513. The finding for the plaintiff must stand if warranted upon any possible view of the evidence. Engel v. *84 Checker Taxi Co., 275 Mass. 471. The defendant also claims to be aggrieved by' the refusal of the judge to grant the following request:
‘‘ The plaintiff, having knowledge of the existence of the corporation at the time he extended credit to it and having rendered his bills to the corporation, must look to the corporation for payment and is not entitled to recover from the defendant.”
In disposing of said request the court said: “Refused. I find neither fact on which this request is based. — see memo.”
This request is based on assumption of facts not in accordance with the facts found by the trial judge, is immaterial in view of the facts found, and was properly denied. Mahoney v. Norcross, 284 Mass. 153. Hetherington and Sons v. Firth Company, 210 Mass. 8, 18.
Report dismissed.