BRIDGES-WILSON CORPORATION *vs.* UNIVERSITY CONTRACTING COMPANY.

Middlesex.   May 6, 1943. — June 29, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Contract,* What constitutes, Construction, Implied. *Pleading, Civil,* Declaration.

A building contractor, upon the owner's wrongfully refusing to allow him to proceed with the work, may rescind the contract and sue upon quantum meruit for the value of work already done.

Upon acceptance in writing by the defendant of a written offer by the plaintiff, containing a proposal to design, lay out and supervise the installation of an air conditioning system for the defendant upon a "cost plus" basis and a statement that the plaintiff stood ready to "design the system . . . immediately upon your placing your order with" the plaintiff for certain of the apparatus involved, a contract between the parties was created for the work; the placing of such order by the defendant related merely to the time of the plaintiff's performance and was not a condition precedent to the parties' becoming obligated.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated April 5, 1940.

There was a finding for the plaintiff by *Sherman,* J. The Appellate Division for the Northern District ordered a report dismissed, and the defendant appealed.

In this court the case was submitted on briefs.

*A. W. Wunderly,* for the defendant.

*L. Steinberg,* for the plaintiff.

LUMMUS, J. This is an action upon an account annexed for work done for the defendant under a written contract between the parties. On November 21, 1939, the plaintiff made a written offer to design, lay out and supervise the installation of an air conditioning system in the defendant's

roadside stand, on the basis of cost plus fifteen per cent. This offer was accepted in writing by the defendant on November 22, 1939. The plaintiff introduced evidence that it prepared plans and sent them to the defendant, and as changes were made in the building prepared new plans and sent them to the defendant. But the defendant failed to order the necessary material for the job. An officer of the plaintiff then went to see the defendant, and was told that the defendant "did not intend to allow the plaintiff to do any more work," and gave as an excuse that the defendant's bank insisted that some one else be employed. The plaintiff then sent the defendant on February 29, 1940, a bill for $150 for services.

The judge made findings of fact as follows: "On November 21, 1939, the plaintiff made a written offer to the defendant for the sale and supervising the installation of a Kelvinator Central Station Air Conditioning system and this offer was accepted by the defendant on November 22, 1939. I find that this acceptance by the defendant of the plaintiff's offer and proposal resulted in, and constituted, a contract between the parties, and that said acceptance also was intended, and in fact, did constitute an order for the purchase of said Kelvinator Conditioner, being Model CS815. In pursuance of the terms of said contract, the plaintiff proceeded to perform certain work and services as therein called for, such as drawing and preparing plans, specifications, etc. I find as a fact that the defendant refused, without cause, to carry out and comply with the terms of the contract and refused to permit the plaintiff to deliver the air conditioner, although the plaintiff was at all times ready, able and willing to perform and comply with the conditions and terms imposed upon it under the contract. I find that the fair value of the services and the work and labor performed by the plaintiff from November 22, 1939 (the date of the contract) for the defendant, under the terms of the said contract — up to the date of its breach by the defendant, is $150."

The defendant claimed a report because of the statement in the finding that a contract existed, because of the denial

of a requested ruling that there was a variance, and because of the denial of a requested ruling that there was no evidence of liability upon an account annexed. The Appellate Division dismissed the report, and the defendant appealed to this court.

In *Mullaly* v. *Austin*, 97 Mass. 30, 32, 33, Bigelow, C.J., said: "Whenever a special agreement is entered into to do certain work, and the person for whom it is to be done refuses to perform, or renders himself incapable of performing, his part of the agreement, the other party may either sue for a breach of the agreement, or, if he so elects he may rescind the agreement and sue on a quantum meruit for the work actually done." See also *Holman* v. *Updike*, 208 Mass. 466, 471; *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107. If there was a contract between the parties there was evidence that the defendant refused to perform it. Upon this evidence there was no variance in finding for the plaintiff for work and labor on an account annexed.

The main question, and the only other question argued, is whether there was any contract between the parties. The defendant points out that the plaintiff's written offer said that "we stand ready to design the system for you, furnishing proper work, drawings (immediately upon your placing your order with us for the Kelvinator Central Station Air Conditioner)." The defendant contends "that the placing of the order for the Kelvinator unit was a condition precedent to the attaching of any obligation upon either party." The quoted words seem rather to require prompt performance by the plaintiff. Unless the acceptance of the offer by the defendant was intended to create a contract it is hard to see why it was accepted. In Am. Law Inst. Restatement: Contracts, § 31, the rule is laid down: "In case of doubt it is presumed that an offer invites the formation of a bilateral contract by an acceptance amounting in effect to a promise by the offeree to perform what the offer requests, rather than the formation of one or more unilateral contracts by actual performance on the part of the offeree." The "maxim is, to give some effect to the acts of parties, if

possible." *Atwood* v. *Cobb,* 16 Pick. 227, 229. *Speirs* v. *Union Drop Forge Co.* 174 Mass. 175. The conduct of the parties may be resorted to for aid in the construction of the documents. Here the defendant knew that the plaintiff was performing services in its behalf, and made no objection. It could be found that the defendant expected to pay, and considered itself bound contractually. *Day* v. *Caton,* 119 Mass. 513. *Evers* v. *Gilfoil,* 247 Mass. 219, 223.

*Order dismissing report affirmed.*