MARGARET A. POWERS, administratrix, *vs.* JOHN T. MACRIS.

Suffolk.    May 7, 1943. — June 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Sale,* Parties.    *Contract,* Parties.

Evidence at the trial of an action against an individual that the parties were friends of long standing, that the defendant personally ordered of the plaintiff printing bearing the name of a corporation; that the plaintiff knew that the defendant "was getting the place ready" but was not told that there was a corporation; that the plaintiff kept the account and rendered bills in a trade name in part the same as that of the corporation but without indication of incorporation, and of an equivocal reply by the defendant to the plaintiff's wife when he was asked to pay the bill, warranted a finding that the defendant was personally indebted to the plaintiff.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 11, 1941.

The case was heard by *Carr,* J., who found for the plaintiff. His report to the Appellate Division was ordered dismissed, and the defendant appealed.

*C. M. Bucuvalas,* for the defendant.

*J. S. Ellis,* for the plaintiff.

QUA, J. At the trial the question was whether a bill for printing various letterheads, envelopes, cards, and menus was owed by the defendant as an individual or by the cor-

poration South Shore Farms, Inc., of which the defendant was treasurer and general manager, and in which he owned a quarter of the stock.

The corporation, which was the actual "recipient" of the printed matter, was engaged in business from June, 1937, until October, 1938, after which it went into receivership. The plaintiff's intestate and the defendant had been friends for a number of years. On May 2, 1937, the defendant gave the plaintiff's intestate an order for letterheads and envelopes with the heading "South Shore Farms, Inc." On June 5 the defendant went to the place of business of the plaintiff's intestate and ordered one hundred menus to be delivered to the South Shore Farms, on the cover page of which was printed "South Shore Farms, Inc." Again, on July 5, the defendant ordered one hundred menus but requested the plaintiff's intestate to omit "Inc." from the cover page. The plaintiff's intestate carried the account and addressed the bills in the name "South Shore Farm." On cross-examination the defendant testified that he did not tell the plaintiff's intestate that "South Shore Farms, Inc.," was a corporation; that "he knew I was getting the place ready. I never told him it was a corporation." The wife of the intestate testified that she talked with the defendant over the telephone and asked him if he would pay the bill; that he said he had nothing to do with the South Shore Farms any more; that she said, "you contracted the bill," and he said he had nothing more to do with it; that he did not say whether he would pay it or not; and that he did not say it was the obligation of the corporation.

The only point argued is the refusal of the judge to rule as requested by the defendant that "the plaintiff [meaning the plaintiff's intestate, who died since the trial], having knowledge of the existence of the corporation at the time he extended credit to it and having rendered his bills to the corporation, must look to the corporation for payment and is not entitled to recover from the defendant." In denying this request the judge stated that he found "neither fact on which this request is based."

We do not discover error in the refusal of this request.

The judge was not obliged to find that the plaintiff's intestate extended credit to the corporation, even if he knew of its existence, and he did not render his bills in the correct name of the corporation. The form of the bills was not conclusive. *Barr-Wight Co. Inc.* v. *Butkovitz,* 267 Mass. 372. On all the evidence, including the form of the account and of the bills, it was a question of fact to whom the plaintiff's intestate extended credit. The evidence that the defendant ordered all of the goods in person without telling the intestate that "it was a corporation," the testimony of the defendant as to the knowledge of the intestate that the defendant "was getting the place ready," and the evidence of the defendant's equivocal reply when asked by the wife of the intestate to pay the bill and of his failure then to assert that it was an obligation of the corporation, all taken together, constituted some evidence that the defendant was personally indebted for the goods. *Chelmsford Foundry Co.* v. *Shepard,* 206 Mass. 102, 109–112. *New London Ship & Engine Co.* v. *Simpson,* 254 Mass. 76. *Barr-Wight Co. Inc.* v. *Butkovitz,* 267 Mass. 372.

*Order dismissing report affirmed.*