W. W. BRITTON INCORPORATED *vs.* S. M. HILL Co.

Essex. March 6, 1951. — May 4, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*Contract,* Parties, Implied. *Corporation,* Identity, Ultra vires.

Recovery for labor and materials furnished over a considerable period was justified against one of two corporations having the same officers, stockholders and place of business where it appeared that that corporation knew that the charges for the labor and materials were being made against it and tacitly consented thereto, even though some payments on account were made by checks of the other corporation.

Ultra vires is not a defence to a corporation against a claim for labor and materials furnished if it received the benefit thereof.

CONTRACT. Writ in the First District Court of Essex dated May 21, 1949.

Upon removal to the Superior Court, the action was heard by an auditor whose findings were to be final. Judgment for the defendant was ordered by *Murray*, J., upon the auditor's report. The plaintiff appealed.

*E. H. J. Wilson*, for the plaintiff.

*S. J. Cagan*, for the defendant.

LUMMUS, J. This is an action of contract on an account annexed for work performed and materials furnished by the plaintiff to the defendant in respect to automobile repairs. The report of an auditor, whose findings of fact were to be final, states that the amount owed to the plaintiff is $922.31, plus interest of $66.06 to August 30, 1950, the date of the report. The main issue was as to which of two corporations is liable for the debt. The plaintiff was incorporated in 1931. One S. M. Hill, who carried on an ice business, began to buy goods from the plaintiff on credit before 1940. In 1946 Hill left the business, and in 1947 was succeeded by two corporations, the S. M. Hill Co., formed for the purpose of buying and selling oil, including range and fuel oil, and W. H. Estes Co., formed for the purpose of operating a gasoline station and repair shop. Both corporations had the same officers and the same place of business. The plaintiff thought it was doing business with the concern operating the gasoline service station. On June 10, 1948, the W. H. Estes Co. filed a business certificate "stating that it was carrying on the business of Hill's Service Station," although it is not found that the plaintiff knew of that certificate. But the plaintiff made out invoices for the items in question in a variety of names, mostly S. M. Hill Co. or some variant thereof and only occasionally in the name of W. H. Estes Co. But six payments on account were made, all by the check of W. H. Estes Co.

The auditor found as follows: "I find that although the treasurer of the plaintiff knew in a general way that Willard H. Estes had managed the individual proprietorship of Sam Hill and was later instrumental in causing the removal

of the business to the new location, and that he should have known by reason of the checks received by the plaintiff of the existence of the W. H. Estes Co., yet little attention was paid to the actual legal status of the purchaser of the labor and materials furnished by the plaintiff, and the plaintiff continued to charge them on to the old account that had been established. I further find that this was of little consequence to any of the parties involved until the account had become in arrears."

The auditor further found as follows: "I find that the officers of the defendant S. M. Hill Co. knew that the charges for the labor and materials furnished by the plaintiff were being made against it and these charges were made with the tacit consent of the S. M. Hill Co., who assumed responsibility for the payment thereof. I therefore find for the plaintiff in the sum of $922.31, plus interest thereon from May 20, 1949, when demand was made, to the date of my report, August 30, 1950, in the sum of $66.06."

On the motion of the plaintiff for judgment on the report, judgment was ordered for the defendant. The plaintiff appealed. The question before us is whether the order for judgment for the defendant was right upon the facts found by the auditor. *Old Mill Point Club, Inc.* v. *Paine,* 308 Mass. 505, 506. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 544.

The plaintiff "must look for payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay." *LaChance* v. *Rigoli,* 325 Mass. 425, 427. See also *Delano* v. *Goldstein,* 281 Mass. 188; *Powers* v. *Macris,* 314 Mass. 260; *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 327.

It must be assumed that the auditor, before admitting the plaintiff's invoices and ledger sheets, found the preliminary facts required by G. L. (Ter. Ed.) c. 233, § 78. *Bendett* v. *Bendett,* 315 Mass. 59, 62. *Sellew* v. *Tuttle's*

*Millinery Inc.* 319 Mass. 368, 371.   Such records form some evidence that the party charged is the one liable.   *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205, 209.   *Taylor* v. *Harrington,* 243 Mass. 210, 213.   *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126, 129.   It is immaterial that the correct legal name of the defendant was not always used, if its identity appears.   *Gifford* v. *Rockett,* 121 Mass. 431. *William Gilligan Co.* v. *Casey,* 205 Mass. 26, 31.   *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 154–155.   *Blanchard* v. *Stone's Inc.* 304 Mass. 634, 638.   *Staples Coal Co.* v. *City Fuel Co.* 316 Mass. 503, 506.   *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad,* 318 Mass. 121, 124.

In the present case the defendant knew that for many months the plaintiff was charging goods to the defendant for which it expected pay, and yet did nothing to deny liability.   That was evidence that the defendant accepted responsibility for payment.   *Bridges-Wilson Corp.* v. *University Contracting Co.* 314 Mass. 257, 260.   If in fact the defendant was acting as agent for W. H. Estes Co., an undisclosed principal, the plaintiff could still elect to hold the defendant liable.   *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576, 579.   *New London Ship & Engine Co.* v. *Simpson,* 254 Mass. 76, 78.   *Williams* v. *Investors Syndicate, ante,* 124, 127.

The defendant contends that its corporate powers did not include the operation of an automobile repair shop or service station, and that any contract such as the plaintiff sues on would be ultra vires.   But it is settled that ultra vires is no defence against a contract under which the defendant has received the contemplated benefit.   *Slater Woollen Co.* v. *Lamb,* 143 Mass. 420.   *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 404.   *McLean Co.* v. *Sidebottom,* 277 Mass. 158.   *Dome Realty Co.* v. *Gould,* 285 Mass. 294, 302.   It is true that to avoid the defence of ultra vires, the benefit must have gone to the defendant, and not to another.   *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 603. *National Shawmut Bank* v. *Citizens National Bank,* 287 Mass. 329, 337.   But the two corporations had the same

officers, the same stockholders, and the same place of business. The only sign on the place of business read "Hill's," and there was nothing to indicate that the W. H. Estes Co. was doing business there. On June 10, 1948, the W. H. Estes Co. filed a business certificate "stating that it was carrying on the business of Hill's Service Station." A court when necessary to do justice will look through the corporate form to the persons using it. *Gardiner* v. *Treasurer & Receiver General*, 225 Mass. 355, 367. With corporations as closely identified as these were, we need not consider with nicety which of them received the benefit for which the plaintiff deserves payment. See *Packard Clothes Inc.* v. *Director. of the Division of Employment Security*, 318 Mass. 329, 335; *American Surety Co.* v. *14 Canal Street, Inc.* 276 Mass. 119, 126.

On the facts found, we think that the plaintiff is entitled to recover against the defendant. The order for judgment for the defendant is reversed, and judgment is to be entered for the plaintiff for the amount found by the auditor.

*So ordered.*