*Southern District*

No. 37783

**RAYMOND PIKE**

v.

**RAYMOND A. SHEFFIELD**

*Present:* Nash, C.J., *Cox, Murphy, J.J.

Case tried to *Casey, J.* in the District Court of East Norfolk No. 37783

Cox, J. This is an action for breach of warranty resulting from the installation of a heating system which the plaintiff bought and paid for. There was evidence which would warrant a finding that there was a breach of warranty because the system had to be repaired and restored on account of improper design and installation. The question litigated was whether the defendant or a corporation, Air Conditioning Engineering Co., is responsible. The trial judge found for the defendant and made special findings as follows:

"I find that the heating system was installed by the Air Conditioning Co., a corporation of which the defendant was president. I find that the defendant is not personally liable for alleged defective installation of heating system."

The case was reported for our determination because the plaintiff claims to be aggrieved by the denial of his request for rulings numbers 2, 4, 6 and 10. He also claims to be aggrieved because no ruling was made on request number 5 which we therefore treat as denied. *Haven* v. *Brimfield,* 345 Mass. 529, 533. *Hogan* v. *Coleman,* 326 Mass. 770, 772. Finally,

the plaintiff claims to be aggrieved by the admission of evidence over his objection as to which admission he duly claimed a report.

The requested rulings which the judge denied are as follows:

"2. When the defendant contracted with the plaintiff without disclosing to the plaintiff that he, the defendant, was acting as an agent for a corporation in the making of said contract, the plaintiff can hold the defendant personally liable on said contract.

"4. When the defendant installed the heating system in the plaintiff's building in such a manner that the positioning and the method of affixing the filters, which constituted a part of the installation and system, resulted in a premature break-down of the system, then a finding is warranted that the plaintiff can recover from the defendant for the damages so resulting from same.

"5. When the defendant installed the heating system in the plaintiff's building with improper design which caused the system to become prematurely inoperative, then the same constituted a breach of contract with the plaintiff for which the plaintiff can recover in this action.

"6. When the defendant designed and installed the heating system in the plaintiff's building in a manner that it would not operate substantially trouble-free for a period of ten years, this constituted a breach of contract by the defendant with the plaintiff for which the plaintiff is entitled to recover.

"10. There is no evidence to warrant a finding that the defendant acted as an agent for a corporation in the making of the contract with the plaintiff."

If there was evidence which would warrant the conclusion that Sheffield was dealing with the plaintiff as president of the corporation, then clearly there was no error in the denial of the requested rulings which are all predicated on the assumption that the contract was with Sheffield as an individual. The only question of law which these requests present for decision is whether a finding was required that Sheffield is personally liable for the breach of warranty. *Perry* v. *Hanover*, 314 Mass. 167, 169-170.

There was evidence for the plaintiff that he learned from his son who was a school mate of the defendant's son that the defendant was in the business of constructing and installing heating systems. Being engaged in the construction of a building in the town of Hanover and in need of a heating system for it, the plaintiff communicated with the defendant and met with him at the building site. There the plaintiff told the defendant that he was constructing a good and valuable building and wished a heating system of good quality to go with it and one he would not have trouble with. He also stated that he wanted a system later adaptable to air conditioning when he could afford it. The plaintiff further testified that the defendant professed many years of experience in the design and construction of such systems and that he would install a system such as that specified by the plaintiff which would be trouble free for ten years. The defendant, he said, guaranteed

this and was thereupon authorized to proceed at an agreed price of $3,700.00. The system was installed in the spring of 1960 and the plaintiff has paid for it. The trouble complained of began early in 1961 and cost the plaintiff $1,200. to repair.

Evidence favorable to the defendant and which supports the judge's conclusion is that invoices had been sent to the plaintiff by the defendant under billheads of Air Conditioning Engineering Co. and the plaintiff's checks in payment of the invoices were made payable to Air Conditioning Engineering Co. The defendant testified that he has been president of Air Conditioning Engineering Co. since 1946. He produced in evidence time sheets and labor charge slips of Air Conditioning Engineering Co. relating to the installation of the system, but there was no evidence that their contents were communicated to the plaintiff or that he was aware of them. There was introduced in evidence a letter from the plaintiff's attorney dated August 14, 1964 with the captioned reference "Re: Raymond Pike v. Air Conditioning Co., et al" making claim for damages for the improper installation.

It is settled law that an agent who enters into a simple contract without disclosing that he is acting as agent is personally liable and that upon discovery of the agency the person dealing with the agent may proceed against either principal or agent at his election. *Wil-*

*liams* v. *Investors Syndicate,* 327 Mass. 124, 127. *Webarm Diecasting, Inc.* v. *Green Bros. of Worcester, Inc.,* 347 Mass. 69, 71. *Feldman* v. *Davey Development Co., Inc.,* 18 Mass. App. Dec. 37, 42. However, undisclosed agency was not found here.

The evidence which bears convincingly upon and supports the judge's conclusion that Sheffield was dealing with the plaintiff as the corporation's president and not as principal are the invoices which the plaintiff received from the corporation under its billheads, the plaintiff's checks to the corporation in payment of those invoices, and the letter dated August 14, 1964 in which the plaintiff's lawyer claimed damages against the corporation for improper installation. The corporate time sheets and labor charge slips are by statute also evidence bearing upon the same point. G.L. c. 233, §78. *W.W. Britton Inc.* v. *S. M. Hill Co.,* 327 Mass. 335, 337-338. Such evidence does, in our opinion, warrant a finding that Sheffield was dealing with the plaintiff as the corporation's representative when the contract was made and that the plaintiff himself was quite content to do so until he later felt that his interests might be better served by proceeding against Sheffield rather than against the corporation. See *Kaufmann* v. *Sydenan,* 251 Mass. 210, 216-217. The question was one of fact and while the judge could have found the other way, and he allowed requested rulings to that effect, we cannot say

that his finding was not warranted. *Worthington* v. *Cowles,* 112 Mass. 30. *Davis* v. *Cress,* 214 Mass. 379. *Kaufmann* v. *Sydeman,* 251 Mass. 210, 216-217. *Estes* v. *Aaron,* 227 Mass. 96. *New London Ship & Engine Co.* v. *Simpson,* 254 Mass. 76. *Darling-Singer Lumber Co.* v. *Commonwealth,* 290 Mass. 488, 491-492. *W. W. Britton Inc.* v. *S. M. Hill Co.,* 327 Mass. 335, 337-338.

█ The requested rulings were rightly denied. The facts which they assumed were not required to be found. *Perry* v. *Hanover,* 314 Mass. 167, 169-170. *Liberatore* v. *Framingham,* 315 Mass. 538, 543-544.

The evidence, to the admission of which the plaintiff objected and claimed a report, came into the case during the cross-examination of the plaintiff. After admitting that the price quotation received by him was in writing, he was presented with the exhibit and was asked: "Is this the quotation you received?" He replied: "It looks like something I received; it could be similar to the price I was given." The plaintiff's objection to the exhibit is on the ground that it was not competent evidence and that no proper foundation had been established for this specific piece of paper. We think there was sufficient identification furnished by the plaintiff's answer for its admission, not limited as to price only, as the plaintiff contends. An examination of the paper discloses price, specifications and the initials of the defendant and his son as "Seller". It may be held, as a writing

or record in the regular course of business, to be admissible under the provisions of G. L. C. 233, § 78. *Commonwealth* v. *Greenberg,* 339 Mass. 557, 578-579. *Fisher* v. *Swartz,* 333 Mass. 265. *Household Fuel Corp.* v. *Hamacher,* 331 Mass. 653. *Sellew* v. *Tuttle's Millinery, Inc.,* 319 Mass. 368, 371. The exhibit was properly considered with the other evidence in the case.

As no prejudicial error of law has been shown the report should be dismissed.

FRANCIS X MORAN,
 *Attorney for plaintiff.*
JOSEPH H. MALLOY,
 *Attorney for defendant.*