*Southern Division*

**GEORGE HILLIARD and
DALTON L. SMITH, d/b/a
Oneida Electronics Mfg. Co.**

v.

**YOU-DO-IT ELECTRONICS
HOBBY CENTER, INC. and
JASON ELECTRONICS
SUPPLY COMPANY, INC.**

Argued: Mar. 26, 1969.   Decided: July 10, 1969.

*Present:* Nash, C.J., Cox, Lee, JJ.

Case tried to ————————, J., in the District Court of Northern Norfolk No. 55804.

*Lee, J.* This is an action of contract. The original declaration contained one count for merchandise sold and delivered against You-Do-It Electronics Hobby Center, Inc., hereinafter referred to as You-Do-It. By amendment, a like count for the same merchandise was added against Jason Electronics Supply Company, Inc., hereinafter referred to as Jason. Both defendants answered by general denials.

There is no dispute about the amount of the merchandise or of its price or of the amount that remains unpaid, nor is it disputed that the merchandise was delivered by the plaintiff to Jason Electronics, who in turn, delivered it to You-Do-It. Each of the defendants contends that the other defendant has the obligation to pay the plaintiff.

The court found for the plaintiff against the defendant, You-Do-It, in the sum of $2,348.11, plus interest, and filed with its decision a memorandum entitled "Special Findings," as follows:

## "Special Findings"

"I find specially, as follows:

The merchandise for the price of which this action is brought was sold and purchased for, and only for, the defendant You-Do-It Electronics Hobby Center, Inc. (You-Do-It).

Credit was extended by the plaintiff because of the interest of Jason J. Laine of Norwood in You-Do-It. Laine was known to the plaintiffs while the Ahigians were not. Laine had a one-third interest and the Ahigians a two-thirds interest in You-Do-It.

Because the place of business of You-Do-It in Needham was not then ready for occupancy it was agreed by all concerned that the merchandise should be shipped to Jason Electronics Supply Company, Inc. (Jason's) in Norwood. This was Jason Laine's Company. It was so shipped and statements for some time were sent to Jason, but it was well understood that the merchandise was sold and purchased for You-Do-It and that Laine was merely accommodating You-Do-It.

The cartons containing the merchandise were in due course delivered unopened, together with the bill of lading and typewritten list of the merchandise to You-Do-It which accepted the same. You-Do-It then offered the merchandise for sale at its place of business in Needham and such of it as may not yet have been sold still remains in its possession.

Statements to You-Do-It were sent monthly by the plaintiff commencing April 1, 1966. Two payments only have been made on account, both by You-Do-It. The first was by check No. 209 of You-Do-It, dated August 10, 1965, for $501.96, payable to Oneida Electronics Mfg. Co., the name and style under which the plaintiffs do business. The second was by check No. 250 of You-Do-It dated November 21, 1965, for $500, also payable to the plaintiffs under their name and style. These two payments reduced the balance due the plaintiffs to $2,348.11. This balance coincides with the ledger card of You-Do-It which describes the account as Oneida Electronics Mfg. Co.

Request for rulings were filed by You-Do-It. They are denied as not applicable to the facts found.''

The issue before the court is whether the trial justice was correct in finding that the goods were sold and credit was extended to You-Do-It Electronics.

There is no dispute as to the sale, delivery receipt and acceptance of the merchandise. The dispute arises as to which corporate defendant is liable for the purchase price.

The determination to whom the credit was extended was an issue of fact, not a question of law. *Powers* v. *Macris,* 314 Mass. 260, 262; *Aluminum Smelters Inc.* v. *Twombly,* 330 Mass. 577, 582.

We must now examine the evidence to see

if it will sustain the trial justice's finding. *Isham* v. *Burgett,* 157 Mass. 546.

An examination of the evidence which was reported in great detail by the trial justice shows ample evidence to support his finding that the goods were sold and credit extended to You-Do-It.

It plainly shows that when the parties met for the first time in New York City, April 1965, there was an agreement that the merchandise was being purchased for the You-Do-It. It is true that the goods were initially delivered to Jason's premises because the You-Do-It's place of business was not yet finished. However, the evidence also shows that the merchandise was thereafter delivered by Jason to You-Do-It which sold a portion of it and the balance remained on its premises.

Payment on account of the goods in question was made by You-Do-It and its records contained a ledger card under the name of Oneida Electronics Mfg. Co. showing the order numbers of the merchandise and the balance due of $2,348.11.

The fact that the plaintiff's original statements of account were addressed to Jason and the plaintiffs did not transfer their billing to You-Do-It until April of 1966 did not require a finding that Jason was the buyer. *Niles* v. *Adams,* 208 Mass. 100, 103. *Powers* v. *Macris,* 314 Mass. 260, 262.

In regard to invoices, the same law is ap-

plicable. The fact that the seller's invoice is made out in the name of one party as a buyer is not conclusive and does not prevent a finding that credit was extended to another. Two checks also of You-Do-It totalling $1001.96 were sent to the plaintiffs reducing the balance to $2348.-11. *Aluminum Smelters, Inc.* v. *Twombly,* 330 Mass. 577, 582.

In addition, Jason Laine, who was an officer and director of You-Do-It acted as its purchasing agent in ordering the goods.

There was no error in the trial justice's denial of the requests for rulings of law filed by You-Do-It. They were rightly denied on the grounds of not being applicable to the facts found.

A trial justice's findings are conclusive if there is any evidence to support them and in this case we find him warranted in his findings and rulings of law. *Piekos* v. *Bachand,* 333 Mass. 211, 213. *Scire* v. *Scire,* 348 Mass. 768.

*There being no prejudicial error, the report is dismissed.*

JOSEPH M. COHEN

of Boston for the defendant.

HERBERT WEISSBLUM and JULIUS THANHUSER, both of Boston contended and cited the following:

The billing could not override the effect of the parties' agreement.

The seller's charges, made in his books of account, are not conclusive in determining the

identity of the purchaser. "The fact that a manufacturer of goods charges the same to, or enters credits thereon in an account with the person to whom they are delivered is prima facie evidence to show for whom the goods were manufactured, and to whom the credit was given, but it is not conclusive evidence, and the presumption may be overcome by proof that the goods were in fact manufactured for, and the credit was in fact given to another. *Clark* v. *Jones,* 87 Ala. 474; *Lusk* v. *Throop,* 189 Ill. 127; *Lance* v. *Pearce et al.,* 101 Ind. 595; *Burkhalter* v. *Farmer,* 5 Kan. 477; *Winslow* v. *Dakota Lumber Co.,* 32 Minn. 237; *Kamm* v. *Rees,* 177 Fed. 14, 23. 77 C.J.S., *Sales,* § 11, p. 600.

In *James* v. *Spaulding,* 4 Gray 451, 452, it is stated:

> "The only question was to whom credit was given — to whom the sale was made. That was an issue of fact, and not of law. Upon that issue, the entries in the book of the plaintiff were competent and strong evidence, but not conclusive."

The seller's book entries, or charges, are not conclusive in determining the identity of the purchaser. *Edgeworth Company* v. *Wetherbee,* 6 Gray 166, 168. *Lee* v. *Wheeler,* 11 Gray 236, 238. *Commonwealth* v. *Jeffries,* 7 Allen 548, 564. *Banfield* v. *Whipple,* 10 Allen 27, 31. *Holmes* v. *Hunt,* 122 Mass. 505, 521. *Allen* v. *Fuller,* 118 Mass. 402, 403. *Pettey* v. *Benoit,* 193 Mass. 233, 236. *Niles* v. *Adams,* 208 Mass. 100, 103. *Slot-*

*nick* v. *Silberstein,* 221 Mass. 59, 60. *Union Old Lowell Nat. Bank* v. *Paine,* 318 Mass. 313, 327 (dictum).

Similarly, the form of bills rendered is not to be conclusive. *Powers* v. *Macris,* 314 Mass. 260, 262. *Niles* v. *Adams,* 208 Mass. 100, 103:

> "The fact that the charges purported to be made to Miss Squire and that her name appeared on the bills was not decisive that credit was not given to the defendant, or that the goods were not charged to him in the sense that he was expected to pay for them."

The same rule applies to invoices. The fact that the seller's invoice is made out in the name of one party as buyer is not conclusive, and does not prevent a finding that credit was extended to another. *Aluminum Smelters, Inc.* v. *Twombly,* 330 Mass. 577, 582. *Fay* v. *Walsh,* 190 Mass. 374, 376. *Commonwealth* v. *Jeffries,* 7 Allen 548, 564. An invoice, as such, is not a contract of sale. It is merely a detailed statement of the nature, quantity and price of the items invoiced. *Dows* v. *National Exchange Bank,* 91 US 618, 630. *Sturm* v. *Boker,* 150 US 312, 328. *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 NY 400, 404. *Farm & Auto Supply* v. *Phoenix Fuel Co.,* 103 Ariz. 344. *Morrison* v. *Bland,* 226 Ark. 514, 519. *Lupo & Co.* v. *Brown-Wright Hotel Supply Corp.,* 99 Ga. App. 410, 412. *Cf. North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204, 206.

Invoices are regarded in law as being at most, admissions which are not absolutely binding but which may be explained by all the facts and circumstances characterizing the true import of the dealings to which they refer. *Aluminum Smelters, Inc.* v. *Twombly,* 330 Mass. 577, 582. *National Bank of Augusta* v. *Goodyear,* 90 Ga. 711, 729-730.